**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Raymond G. UNANGST, Appellant.**

Superior Court of Pennsylvania.

Submitted May 28, 2013.

Filed July 18, 2013.

---

Donna M. DeVita, Public Defender, Scranton, for appellant.

Andrew J. Jarbola, III, Assistant District Attorney, Scranton, for Commonwealth, appellee.

BEFORE: BOWES, WECHT, and PLATT,* JJ.

OPINION BY BOWES, J.:

Raymond G. Unangst maintains that the trial court improperly denied his written presentence motion to withdraw his guilty pleas. We conclude that Appellant, who unequivocally claimed that he was innocent of the offenses in his motion, presented a fair and just reason to withdraw his guilty plea. Given that the Commonwealth has made no assertion that withdrawal would prejudice it, we vacate the judgment of sentence and remand with instructions that the trial court permit Appellant to withdraw the guilty plea entered in these two cases.

The present appeal concerns two lower court criminal actions. At number CP–35–CR–0000562–2012, Appellant was charged with theft by unlawful taking after he allegedly stole truck parts worth approximately $4,000 on October 27, 2011, from a scrap metal pile located at 70 Cottage Street, Carbondale. The affidavit of probable cause filed in that case described the business at that location as a truck yard. There were witnesses to this theft, which also was filmed by a surveillance camera.

At CP–35–CR–0000573–2012, Appellant was charged with reckless endangerment, attempted theft, and trespass graded as a summary offense based upon the following events, which were also videotaped. On November 4, 2011, the owner of 70 Cottage Street, Al Tuzze and his son, Joseph Tuzze, observed Appellant drive a mini-van into the truck yard and place scrap metal into that vehicle. The Tuzzes approached Appellant and made him remove the metal. While Appellant was returning the stolen items, Al and Joseph Tuzze stood in front of Appellant's vehicle and called the police. Appellant entered the van and drove directly toward the two men, who had to push each other from the path of the oncoming vehicle to avoid being struck.

On May 21, 2012, Appellant entered a guilty plea at criminal action number CP–35–CR–0000573–2012, to the three

* Retired Senior Judge assigned to the Superior Court.

charges contained in that information. On June 6, 2012, Appellant entered a guilty plea to attempted theft at the other criminal action involving the October 27, 2011 incident. On August 30, 2012, prior to sentencing, Appellant filed a written petition to withdraw his guilty pleas, and referenced both lower court docket numbers in the caption. Therein, Appellant set forth the procedural history for both cases and indicated that while he may have been trespassing on the Tuzze property, he had not stolen anything or committed any of the charged acts. In that document, Appellant also averred, "Defendant asserts his innocence in all matters and desires to proceed to trial." Petition to Withdraw Guilty Plea, 8/30/12, at ¶ 21. The Commonwealth filed a response noting the inconsistency between the admission to trespassing and the blanket assertion of innocence to all charges, but it failed to assert that it would be prejudiced by the withdrawal.

On September 4, 2012, the court entered an order with respect to the petition that, "A Hearing on the Defendant's Petition is to be held on the 3rd day of Oct. 2012, at 9:30 o'clock a.m. in Courtroom Number 5 of this Courthouse." Order of Court, 9/4/12, at 1.

On October 3, 2012, Appellant petitioned to renew the presentence motion to withdraw and asked the trial court to lift a *capias,* which is a writ of arrest, that it had issued. Appellant indicated in his petition that he appeared at the October 3, 2012 hearing fifteen minutes late, that his August 30, 2012 petition already was denied when he arrived, and that he was arrested based upon a *capias* due to his failure to timely reach the courtroom.

Appellant appeared before the court on October 17, 2012. When the court announced that the hearing would concern sentencing, Appellant responded that he was under the impression that he was present "for a hearing on my motion to lift a *capias* and to renew the petition to withdraw my guilty plea[s.]" N.T., 10/17/12, at 2. The trial court stated that both the motion to lift the *capias* and the motion to withdraw his guilty pleas were denied.

Appellant, who had a prior record score of four, had no corrections to the presentence report. Additionally, Appellant admitted to the presentence investigator that he had taken scrap metal from the truck yard but that he "didn't think it was a big deal to take a piece of metal." *Id.* at 10. Appellant received a total sentence of two to five years incarceration, and a fine was imposed on the summary trespass offense.

In this timely appeal, Appellant requests two forms of relief. He asserts that he is entitled to a hearing pursuant to Pa. R.Crim.P. 591 so that he can establish that he presented a fair and just reason for withdrawing his guilty pleas, and he also maintains that he should have been permitted to withdraw his guilty pleas. The trial court ruled that Appellant waived his right to a hearing by failing to timely appear on October 3, 2012, and we concur with that ruling. However, we believe that Appellant's presentence petition to withdraw the guilty pleas, on its face, presented a fair and just reason for withdrawal and agree with Appellant's position that the "lower court erred in denying the Appellant's motion to withdraw his guilty pleas[.]" Appellant's brief at 4.

■ Our standard of review in the present context is as follows:

[A] decision regarding whether to accept a defendant's presentence motion to withdraw a guilty plea is left to the discretion of the sentencing court. Pennsylvania Rule of Criminal Procedure 591 provides:

At any time before the imposition of sentence, the court may, *in its discretion,* permit, upon motion of the defendant, or direct, *sua sponte,* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A) (emphasis added).

There is no absolute right to withdraw a guilty plea. *Commonwealth v. Flick,* 802 A.2d 620, 623 (Pa.Super.2002), citing *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268, 271 (1973). Nevertheless, "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for 'any fair and just reason,'" provided there is no substantial prejudice to the Commonwealth. *Commonwealth v. Kirsch,* 930 A.2d 1282, 1284–1285 (Pa.Super.2007), quoting *Forbes,* 299 A.2d at 271 (Pa.1973). *Commonwealth v. Walker,* 26 A.3d 525, 529 (Pa.Super.2011).

In *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973), the defendant pled guilty to murder, burglary, aggravated robbery, and other offenses based on his participation in a robbery, assault, and death of a woman in her home. A three-judge panel was convened in order to determine if Appellant was guilty of first-degree murder. At that proceeding, the defendant "expressed a desire to withdraw his guilty plea because, as he stated, 'I don't want to plead guilty to nothing I didn't do.'" *Id.* at 269. The degree-of-guilt hearing was postponed, and a hearing was conducted on the request to withdraw the guilty plea. Then, at that hearing, the defendant retracted his request to withdraw the guilty plea. When the three-judge panel reconvened to determine the degree of homicide in question, "it became apparent that [the defendant's] decision to abandon his withdrawal request was the result of defense counsel's threat to withdraw from the case." *Id.* at 270. Nevertheless, the case proceeded before the panel, and the defendant was adjudged guilty of first-degree murder and sentenced to life imprisonment.

On appeal, the defendant averred that his plea counsel obstructed his pre-sentence request to withdraw and that it should have been granted by the trial court. Our Supreme Court agreed that the defendant's decision to abandon his request to retract the plea resulted from coercion by counsel and observed that the defendant was not informed of his right to "persist in his request for withdrawal of the plea—in the face of counsel's comment—and have new counsel appointed." *Id.* The *Forbes* Court ruled that the decision to forsake the request to withdraw the plea was involuntary.

It then concluded, "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing—here, that request was made at even an earlier stage—should be liberally allowed." *Id.* at 271. The Court held that, prior to sentencing, "the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." *Id.* Then, *Forbes* announced the rule that the defendant's "assertion of innocence—so early in the proceedings—offered a 'fair and just' reason for withdrawal of his plea," and it noted that there was no evidence of record that would indicate that the Commonwealth would have been prejudiced by the retraction of the guilty plea. *Id.* at 272. Hence, the Court granted Forbes relief.

The precepts of *Forbes* were reaffirmed in *Commonwealth v. Randolph,* 553 Pa. 224, 718 A.2d 1242 (1998). Therein, Randolph complained about our decision to

affirm the trial court's refusal to permit him to retract his guilty plea, which was tendered after he confessed to police to thirteen counts of burglary and one count each of aggravated assault and carrying an unlicensed firearm. On the date of his scheduled sentencing, Randolph informed his counsel that he wished to withdraw his guilty pleas, and, prior to sentencing, counsel told the court about this desire.

When asked why he sought to withdraw his guilty plea, Randolph responded that he was not guilty of several of the burglaries and explained that his confession to police was made while he was ill and under duress. Randolph detailed, "[The police] told me the sooner I gave these statements, the sooner I would be taken to a county facility and be treated. They called paramedics, but they kept questioning me and questioning me. I answered all the questions that they wanted me to answer because I wanted medical treatment." *Id.* at 1243.

The trial court refused Randolph's request by focusing on the validity of the guilty plea colloquy. In reversing, the Supreme Court noted that the record revealed that Randolph made "a clear assertion of his innocence before the trial court as the basis for his [presentence] requested withdrawal of his guilty pleas." *Id.* at 1244. It also observed that the Commonwealth failed to assert that it would suffer prejudice. *Id.* at n. 3. Our Supreme Court ruled, "Thus, based on our decision in *Forbes*, [the defendant] offered a fair and just reason for withdrawing his guilty pleas made prior to sentencing, and, accordingly, his request in this regard should have been permitted." *Id.* Moreover, this Court was specifically admonished for not following *Forbes*.

▮ Thus, it is clear that, in this Commonwealth, if a defendant asserts his innocence as a basis for withdrawal of a guilty plea before being sentenced, that request must be granted unless the Commonwealth would be prejudiced. *See Commonwealth v. Katonka*, 33 A.3d 44 (Pa.Super.2011) (*en banc*); *Commonwealth v. Kirsch*, 930 A.2d 1282, 1285 (Pa.Super.2007) (defendant's "indications that he did not believe he was guilty of the offenses ... and his assertion that he pled guilty to 'put the matter behind him,'" were assertions of innocence sufficient to fall within the parameters of *Forbes* and *Randolph*). *Commonwealth v. Clinger*, 833 A.2d 792, 794 (Pa.Super.2003) (assertion of innocence present when defendant answered, "No, I feel that I didn't," in response to inquiry as to whether he thought he committed the offense in question).

▮ In the present case, in his presentence motion to withdraw the guilty pleas, which was filed on August 30, 2012 and renewed on October 3, 2012, Appellant asserted that he was innocent of the crimes in question. While Appellant admitted that he was on the Tuzze property without permission, he unequivocally denied commission of any thefts or reckless endangerment. Thus, as did the defendant in *Randolph*, Appellant herein claimed that he was innocent of some of the offenses to which he pled guilty, and the Commonwealth made no proffer that it would be prejudiced by the allowance of withdrawal. Thus, Appellant's presentence motion should have been granted.

The trial court herein rejected the presentence motion to withdraw the guilty plea by concluding that Appellant had not made "a sincere assertion of innocence" and relying on the fact that he admitted to the presentence investigator that he took metal. Trial Court Opinion, 1/29/13, at 3. Initially, we note that the statements to the presentence investigator should not have been considered because the matter never should have proceeded to sentencing

in the first instance. Moreover, Appellant did not concede that he endangered anyone.

He also observed that the trial court was not permitted to render a determination as to whether Appellant's unequivocal presentence assertion of innocence was sincere. Our recent decision *Katonka, supra*, is dispositive. In that case, the defendant tendered a negotiated guilty plea to a number of offenses after he sexually abused his stepdaughter. Before sentence was imposed, the defendant asked to withdraw his guilty plea on the ground that he was not guilty. The trial court refused to believe the defendant's claim that he was innocent and denied the motion. On appeal, we specifically concluded that the trial court erred in resolving the matter by focusing on whether the defendant's assertion of innocence was credible. Similarly, herein, the trial court was not permitted to make a determination regarding the sincerity of Appellant's unambiguous claims that he did not commit theft or reckless endangerment.

The trial court in this matter also justified its denial by concluding that Appellant's "petition for withdrawal of his guilty plea was merely used as a dilatory tactic rather than as a lawful means to assert his innocence." Trial Court Opinion, 1/29/13, at 4. Based upon our decision in *Commonwealth v. Pardo*, 35 A.3d 1222 (Pa.Super.2011), we conclude that this rationale was an invalid basis to deny the motion. In *Pardo*, the defendant pled guilty to two counts of possession of a controlled substance with intent to deliver. We concluded that the trial court improperly denied the defendant the right to withdraw his guilty plea since the defendant moved to retract that plea prior to sentencing, asserted his innocence at the hearing on the motion to withdraw, and the Commonwealth did not allege the existence of prejudice. Relevant herein is the fact that we

discounted the Commonwealth's position that the presentence petition could be denied on the basis that the defendant was "merely playing games with the system." *Id.* at 1228. Indeed, any time a defendant moves to withdraw a guilty plea prior to sentencing, he could be accused of engaging in a dilatory tactic to avoid sentencing. Thus, if we were to permit this type of reasoning to defeat a presentence motion to withdraw, we would be ignoring the clear pronouncements from our Supreme Court in *Forbes* and *Randolph*.

Next, both the Commonwealth and the trial court suggest that the denial of Appellant's petition was proper based upon the reasoning contained in *Commonwealth v. Tennison*, 969 A.2d 572 (Pa.Super.2009). In that case, the defendant pled guilty, and, at sentencing, asked for a continuance. When the trial court asked whether the defendant wanted to withdraw the guilty plea, he did not respond affirmatively nor did he maintain that he was innocent. Instead, he stated that his concern was whether any sentence imposed that day would impact on a sentence that he would be receiving in a federal criminal case that was pending against him. The sentencing hearing was postponed.

At the rescheduled sentencing hearing, the defendant again moved to withdraw his guilty plea on the ground that the "sentencing in his federal case was still pending." *Id.* at 575. He also maintained that his guilty plea was premised upon the assumption that the sentence in the federal matter would be imposed prior to the sentence in the Pennsylvania action. Then, the Commonwealth contested the withdrawal and noted that the defendant never claimed that he was not guilty. At that point, the defendant suggested that he had maintained his innocence as to the most significant charges at issue. The motion to withdraw was denied and we affirmed.

We concluded that it was obvious that the assertion of innocence was a ploy and that the defendant's real concern was that state sentencing occur after federal sentencing. We specifically distinguished *Forbes* and *Randolph* by noting that "the defendant's instant conditional assertion of innocence—invoked at the prospect of receiving yet another continuance—was anything but clear. Indeed, no sooner would the assertion be made than it would be completely contradicted by statements admitting guilt should sentencing be deferred until resolution of the federal case." *Id.* at 577. Thus, far from being a clear assertion of innocence, the defendant's claim in *Tennison* was both conditional and contradictory.

In this case, in his written presentence motion, Appellant made the appropriate proffer as to the theft and reckless endangerment charges, stating unequivocally that he did not commit them. The assertion was neither conditioned on events nor contradicted by other statements made in connection with the request to withdraw the guilty pleas. It is settled law that a simple assertion of innocence, standing "alone, is considered a 'fair and just' reason to withdraw [a defendant's] plea prior to sentencing." *Pardo, supra* at 1229; *see also Katonka, supra.* Herein, the Commonwealth never raised an allegation of prejudice, either in response to Appellant's motion or in its brief filed in the present appeal. Hence, we agree with Appellant's position that his presentence motion to withdraw his guilty pleas should have been granted.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge PLATT Concurs in the Result.