J-S67006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARIN GOINS, | |
| Appellant | No. 166 MDA 2015 |

Appeal from the Judgment of Sentence February 11, 2011
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001384-2010

BEFORE:  BOWES, PANELLA, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 10, 2015**

Darin Goins has filed this *nunc pro tunc* appeal from the February 11, 2011 judgment of sentence of seven and one-half to twenty years imprisonment that was imposed after he tendered a guilty plea to aggravated assault.  We affirm.

Based on an incident occurring on April 5, 2010, Appellant was charged with aggravated assault, robbery graded as a first-degree felony, simple assault, reckless endangerment, disorderly conduct, and harassment. The preliminary hearing was held on May 24, 2010.  At that time, the victim, Michael Caselli, testified as follows.  On April 5, 2010, he was renting a room at 343 Madison Avenue, Scranton.   Mr. Caselli's friend, Lonnie Williams, came to his room, and was accompanied by Appellant and Sharon McCool.

* Retired Senior Judge assigned to the Superior Court.

The four individuals smoked crack cocaine together. Mr. Caselli's landlord, who did not like Mr. Caselli to have guests, arrived at the house. Mr. Caselli told the three visitors to stay in his room until the landlord left. Once this occurred, Mr. Caselli asked the three people to leave.

Mr. Caselli then went to a bank machine about three blocks from his residence and retrieved $180 in cash. When Mr. Caselli returned home, Appellant was standing on the steps of 343 Madison Avenue and offered to sell Mr. Caselli a substance alleged to be cocaine. The victim testified that he declined to purchase the substance after ascertaining that it was not the drug in question. Mr. Caselli reported that, after Mr. Caselli refused to purchase the alleged drugs, Appellant "quickly turned violent, he attacked me, grabbed me by the neck--." N.T. Preliminary Hearing, 5/24/10, at 10. Appellant slammed Mr. Caselli against a wall and screamed "give me the f***ing money." *Id*. at 11.

As Appellant continued to scream those words, Mr. Caselli freed himself and started to walk away. Appellant pushed the victim, who fell forward. Mr. Caselli reported that he then felt "excruciating pain in my eye, and I was pushing myself up off a fence and I knew I was seriously injured." *Id*. at 12. One of the rods on the top of the fence had penetrated the victim's eye. Appellant continued to scream about the money, went through the victim's jacket, and then left the scene on a bicycle.

After the assault, the victim was missing $100, his keys, and his ATM card. Mr. Caselli was flown to Wills Eye Institute and underwent two surgeries on his eye, which was blinded. As of May 24, 2010, the victim anticipated that he would have to undergo three additional surgeries as a result of the penetration of his face by the fence post.

On November 1, 2010, Appellant tendered an open guilty plea to aggravated assault, and, in return, all the other charges were *nol prossed*. Sixteen days later, on November 17, 2010, Appellant filed a *pro se* petition to withdraw the guilty plea. Since Appellant was represented, the court ordered that the motion be forwarded to counsel. His attorney filed a counseled petition on December 23, 2010. That motion asserted Appellant's innocence as the sole reason for permission to retract the plea.

Two hearings were held on the petition to withdraw the guilty plea. At the January 28, 2011 hearing, Appellant's counsel said that he was "asserting [Appellant's] innocence" as "a fair and just reason" for permitting the plea to be withdrawn. N.T. Hearing, 1/28/11, at 2. The Commonwealth countered that it would be prejudiced by withdrawal. It noted that the jury panel had been summoned and selection was about to begin when Appellant's counsel approached the district attorney and asked if his client could enter a plea. Meanwhile, "All of the Commonwealth's witnesses were subpoenaed," and a doctor "had cleared his schedule and reviewed all of the medical records of the victim in order to come here and testify." *Id*. at 3-4.

Additionally, the Commonwealth had experienced difficulty locating "two of our witnesses, they are transient[.]" *Id*. at 4. There thus was a risk that the Commonwealth would be unable to locate those witnesses if a trial was awarded.

At the conclusion of that hearing, the court declared that it was unsure that a mere assertion of innocence was sufficient to permit withdrawal since the plea was tendered when jury selection was about to begin. The trial court provided the parties with an opportunity to submit briefs. At that point in the proceedings, Appellant interjected that, in his *pro se* petition, he also had claimed that he should be able to withdraw his guilty plea since the Commonwealth withheld a videotape of the incident from him and that he wanted to view it.

Sentencing was scheduled for February 11, 2011, where the matter of the plea withdrawal was revisited. At that time, the court asked Appellant's counsel, "[Y]ou offered as the reason for the withdrawal of the plea the fact that the defendant claims that he did not commit any of the charged offenses; is that correct?" N.T. Hearing, 1/2/11, at 4. Counsel answered, "That's correct, your Honor, he asserts his innocence." *Id*. Counsel also reported that Appellant wanted to withdraw the plea since he was anxious and depressed and in a deteriorated mental state when he entered his guilty plea. *Id*.

The court responded that it would accept the assertion of innocence as grounds for withdrawal of the plea. *Id*. at 5. It rejected the claim that the plea could be withdrawn based upon Appellant's mental condition. The court reported:

> for the record that the colloquy was conducted by me in chambers with him sitting at my desk. It was an oral colloquy that was done eyeball to eyeball by me and him and I did not detect any depression, anxiety, or compulsion of any kind at that point in time and I did so note that on the record that I found [the plea] to be knowing, intelligent and voluntary on his part.

*Id*. at 5. Thereafter, Appellant said that he had nothing else to offer.

The Commonwealth leveled a two-pronged attack on Appellant's ability to withdraw his guilty plea. It first asserted that "the defendant's bare assertion of his innocence following . . . a lengthy colloquy after he had come right to the brink of going to trial . . . . would not meet the standard of a fair and just reason." *Id*. at 6. In addition to the reasons proffered at the January 2, 2011 hearing, the Commonwealth also reported that it would be substantially prejudiced by the withdrawal because the victim, having undergone five additional surgeries, was no longer able to testify. The district attorney had a letter from a medical professional indicating that the victim could not testify due to memory loss and anxiety. The five additional medical procedures had resulted in incidents where the victim simply blanked out and caused him to experience high levels of anxiety, especially when revisiting the attack.

The court denied Appellant's presentence motion to withdraw, and imposed a seven and one-half to twenty year term of imprisonment. Appellant did not file a direct appeal, but did file a timely petition for PCRA relief on July 5, 2011. Counsel was appointed, and PCRA relief was subsequently denied. On appeal, we reversed and remanded for a determination of whether Appellant was entitled to have his direct appeal rights reinstated. *Commonwealth v. Goins*, 105 A.3d 793 (Pa.Super. 2014) (unpublished memorandum). Based upon an agreement between the parties, on December 18, 2014, the trial court granted Appellant the right to appeal *nunc pro tunc*. This appeal followed.

Appellant raises a single position: "Whether the trial court abused its discretion in finding that Appellant's assertion of innocence was not a fair and just reason for withdrawing [the] guilty plea; and, further finding that the Commonwealth would be substantially prejudiced if Appellant's Pre-Sentence Motion for Withdrawal of Guilty Plea were granted?" Appellant's brief at 4.

We first recite our standard of review: "A decision regarding whether to accept a defendant's presentence motion to withdraw a guilty plea is left to the discretion of the sentencing court." *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa.Super. 2013) (citing Pa.R.Crim.P. 591, which states, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant . . . the withdrawal of a

plea of guilty[.]"). While there is no absolute right to withdraw a guilty plea, if a motion to withdraw is filed prior to sentencing, such motions are to be granted liberally, and "a defendant should be permitted to withdraw his plea for 'any fair and just reason,' provided there is no substantial prejudice to the Commonwealth." *Unangst*, *supra* at 1020.

Appellant's first position is that his pre-sentence assertion of innocence should not have been rejected by the trial court as a fair and just reason for permitting withdrawal of his guilty plea. A bare assertion of innocence, such as the one made herein, formerly was considered a fair and just reason permitting the presentence withdrawal of a guilty plea; the law has since changed. In *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), our Supreme Court articulated that "a bare assertion of innocence is not, in and of itself, a sufficient reason to **require** a court to grant" a presentence request to withdraw a guilty plea. *Id*. at 1285 (emphasis added). It reinforced the principle that "there is no absolute right to withdraw a guilty plea" and that the trial court is vested with the discretion to determine "whether a withdrawal request will be granted." *Id*. at 1291-92. The *Carrasquillo* Court did reaffirm that the trial courts are to exercise that discretion "liberally in favor of the accused" and that "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." *Id*. at 1292.

In rejecting imposition of a *per se* rule that a bare assertion of innocence constitutes a fair and just reason for withdrawal of a guilty plea in the presentence setting, our High Court was "persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Id**. The **Carrasquillo** Court, in closing, guided us with the principle that "broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Id**. It continued that the policy that presentence motions for the withdrawal of a guilty plea should be granted liberally "remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." **Id**.

We find that, herein, the trial court did not abuse its discretion.[1] Given the evidence proffered at the preliminary hearing, the assertion of innocence

_____

[1] The court concluded that Appellant gave dubious grounds for withdrawal, such as there was a videotape of the aggravated assault that would exonerate him and that the assertion of innocence leveled by Appellant was not clear. Trial Court Opinion, 3/19/15, at 7. We respectfully disagree with the trial court's suggestion that the assertion of innocence in this case was unclear. The counseled motion requested withdrawal on the basis that Appellant was innocent. Counsel clearly articulated at both evidentiary hearings that withdrawal was being sought on the basis of an assertion of
*(Footnote Continued Next Page)*

was implausible, and Appellant failed to make a colorable demonstration, under the circumstances, that withdrawal of the plea would promote fairness and justice. The victim's testimony clearly and unequivocally established Appellant's guilt as to the charged offenses. The record reveals that the Commonwealth had been ready to proceed to trial with other witnesses to these events. Appellant failed to offer any evidence or argument that would call into doubt the victim's account of Appellant's actions. Accordingly, we conclude that Appellant's bald assertion of innocence herein was not a fair and just reason for withdrawing his guilty plea.

Appellant also challenges the trial court's finding that the Commonwealth would have been substantially prejudiced by the withdrawal. However, the trial court's finding in this respect is fully supported by the record. The trial court noted the following:

> Here, as the court found on February 11, 2011, the Commonwealth offered credible testimony and a letter from the victim's doctor, that while the victim was able to testify on the day scheduled for trial, the victim was no longer able to testify.

*(Footnote Continued)* ──────────

innocence. Counsel never mentioned the videotape. Rather, it was Appellant who raised the issue of the videotape in his *pro se* motion to withdraw, which was a nullity. **Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010) (*pro se* filings by represented litigant are not legally effective since a defendant is not entitled to hybrid representation); **accord Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993) (defendant has no right to hybrid representation either at trial or on appeal). At the January 2, 2011 evidentiary hearing, Appellant raised the issue of the videotape after counsel had presented his positions to the court, and Appellant offered it as an **additional** reason to permit withdrawal.

The Commonwealth represented that the victim suffered from post-traumatic stress disorder, and this would be consistent with his no longer being able to testify in the case. The victim also suffered brain damage and memory loss because of the assault which further compromised his ability to testify. Furthermore, the Commonwealth had subpoenaed witnesses from outside of the area and could likely not locate some of the witnesses who were ready to testify on the day that the defendant entered his plea. Because the Commonwealth established that it would suffer substantial prejudice if the defendant was allowed to withdraw his plea, the court properly denied the motion to withdraw the guilty plea.

*Id*. at 9. These facts were sufficient to sustain the trial court's finding of substantial prejudice. ***Commonwealth v. Dicken***, 895 A.2d 50 (Pa.Super. 2006) (upholding refusal to allow defendant to withdraw guilty plea prior to sentencing since Commonwealth was prepared to proceed to trial with a witness who lived in Georgia when plea was tendered and witness returned to Georgia in reliance on the plea). Hence, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015

- 10 -