J-S27012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARION A. LEVANOWITZ, | |
| Appellant | No. 1219 MDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000302-2013

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 22, 2016**

Appellant, Darion A. Levanowitz, appeals from the judgment of sentence of thirty-three months to seventeen years imprisonment imposed following his negotiated plea of *nolo contendere* to statutory sexual assault and corruption of a minor.  We affirm.

The affidavit of probable cause in support of the criminal complaint in this matter indicates the following factual basis to the crimes charged:

> On 10/10/13 . . . [Appellant], 18, had unprotected sexual intercourse with a juvenile female age 13.  On 10/15/13 . . . [Appellant] again had unprotected sexual intercourse with the same 13 year old female.  Both incidents took place in a barn on the property belonging to the parents of the 13 year old.

---

[*]  Former Justice specially assigned to the Superior Court.

On 10/22/13 [Appellant] freely admitted during [an] interview . . . to having unprotected vaginal and anal sex with the victim on two separate occasions.  He stated that he had met the victim at a football game and the two started talking over text messages.  He related that the two agreed to meet at her place on the 10th.  [Appellant] admitted that he knew the girl was in middle school prior to having sex with her.

[Appellant] has a prior charge of Indecent Assault on his juvenile record.

Affidavit of Probable Cause, 10/28/13, at 1.

Appellant was charged with two counts each of involuntary deviate sexual intercourse, a first-degree felony, statutory sexual assault, a second-degree felony, corruption of minors, a third-degree felony, and indecent assault, victim less than 16, a second-degree misdemeanor.  The trial court summarized the early procedural history in its Pa.R.A.P. 1925(a) opinion, as follows:

On July 14, 2014, [Appellant] entered a plea of nolo contendere to [one count each of] charges of Statutory Sexual Assault, 18 Pa.C.S. §3122.1(a)(1) and Corruption of Minors, 18 Pa.C.S. §6301(a)(1)(ii).[1]  During the plea hearing, [Appellant] acknowledged that he understood the nature of the charges to which he entered his plea and that he was not admitting that he committed the offense to which he was pleading, but he was admitting that, if the Commonwealth presented its case to a judge or a jury, [that] the evidence would be sufficient for that judge or jury to convict him of the crimes to which he entered his plea.  He also acknowledged that he was aware of the evidence that the Commonwealth had against him.  (Plea-pg.5, lines 1–12).

---

[1]  The plea agreement provided that all other charges would be dismissed. N.T. (Plea), 7/14/14, at 4.

Pa.R.A.P. 1925(a) Opinion, 8/24/15, at unnumbered 1.

Thereafter, the trial court directed the Sexual Offenders Assessment Board ("SOAB") to conduct an assessment of Appellant to determine if he should be classified as a sexually violent predator ("SVP") in accordance with 42 Pa.C.S. § 9799.24 and to submit a report within ninety days. Order, 7/14/14, at 1. Between July 15, 2014, and October 15, 2014, Appellant committed multiple violations of his bail necessitating issuance of multiple bench warrants, followed by imposition of escalating monetary conditions of bail. On October 7, 2014, the Commonwealth praeciped the court to schedule a hearing to determine whether Appellant is an SVP. On October 15, 2014, the trial court scheduled both the SVP hearing and sentencing for November 13, 2014. The trial court summarized the ensuing procedural history as follows:

> On November 10, 2014, defense counsel filed a Motion to Withdraw Plea. [Appellant] did not sign the Motion, nor did he sign any verification to the Motion. In the Motion counsel claimed that [Appellant] was innocent of the charges, that he did not commit the charges and that he did not understand the elements of the charges.
>
> The court held a hearing on the Motion on January 7, 2015. The defendant did not testify at the hearing, nor did he offer any testimony from other witnesses in support of counsel's unverified Motion. The Commonwealth offered testimony concerning counsel's claim that the defendant did not commit the offenses to which he pleaded nolo contendere. State trooper Vicki Spencer and Barry Nelson, an investigator for the Sexual Offenders Assessment Board, testified to incriminating statements the defendant made that were diametrically opposed to counsel's claim of innocence in the Motion to Withdraw Plea. At the conclusion of the hearing the court denied counsel's

motion for the reasons stated at pages 16-20 of the transcript of the hearing on the Motion to Withdraw Plea.

Pa.R.A.P. 1925(a) Opinion, 8/24/15, at unnumbered 1–2.

On March 2, 2015, the trial court held a Sexual Offender and Sentencing Hearing at which Appellant was determined to be an SVP. N.T. (Sexual Offender and Sentencing Hearing), 3/2/15, at 32. The trial court imposed the following sentence of incarceration: for statutory sexual assault, eighteen months to ten years; for corruption of a minor, a consecutive term of fifteen months to seven years. Appellant filed a timely post-sentence motion, which the trial court denied on June 19, 2015. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue on appeal:

> 1. Did the trial court abuse its discretion by denying the Appellant's Motion to Withdraw his nolo contendere plea?

Appellant's Brief at 4.

"A decision regarding whether to accept a defendant's presentence motion to withdraw a guilty plea is left to the discretion of the sentencing court." **Commonwealth v. Unangst**, 71 A.3d 1017, 1019 (Pa. Super. 2013); **see also** Pa.R.Crim.P. 591, which states, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant . . . the withdrawal of a plea of guilty[.]" There is no absolute right to withdraw a guilty plea, but if a motion to withdraw is filed

- 4 -

before sentencing, it is to be granted liberally; "a defendant should be permitted to withdraw his plea for 'any fair and just reason,' provided there is no substantial prejudice to the Commonwealth." ***Unangst***, 71 A.3d at 1020.

Appellant's two-page argument in his brief is vague and conclusory, and his claim is undeveloped. It is nothing more than a restatement of the Commonwealth's opposition to Appellant's motion to withdraw his plea, a conclusory reference to case law allegedly in support of his position, and a restatement of the trial court's explanation of reasons supporting its denial of Appellant's motion. Appellant's Brief at 7–8. It wholly fails to refer to relevant and controlling case law, ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), filed six months before Appellant filed his brief. While asserting that he should have been permitted to withdraw his plea, Appellant does not offer any reason why, beyond **counsel's** bald assertion of innocence, and does not espouse any explanation how or why the trial court abused its discretion. Therefore, we find the issue waived. ***See Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (quoting ***Wirth v. Commonwealth***, 95 A.3d 822, 837 (Pa. 2013), which stated that "where an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [the] appellant's arguments for him.") (internal quotations omitted)).

Even if not waived, we would reject the claim. In attempting to define an argument by Appellant, we note that he avers that he filed his motion to withdraw his plea because "he maintained his innocence" of the charges, and he assails the Commonwealth's assertion of prejudice because the Commonwealth is "in the same posture [it was] in when [it] originally [was] trying the case." Appellant's Brief at 6, 8.

As noted by the trial court, Appellant "did not file the Motion to Withdraw Plea until sometime after the Sexual Offenders Assessment Board [("SOAB")] issued its written report that the defendant was a sexually violent predator. Until that time [Appellant] had not offered any statements of factual innocence of the charges." Pa.R.A.P. 1925(a) Opinion, 8/24/15, at unnumbered 2. The SOAB evaluator's report was dated September 19, 2014, it was mailed to the Commonwealth on September 22, 2014, and the Commonwealth requested the SVP hearing on October 7, 2014. Appellant filed the motion to withdraw plea on November 10, 2014. The trial court concluded that claims of Appellant's innocence were "belied by the record." *Id*. at unnumbered 3.

While a bare assertion of innocence, such as made instantly, formerly was considered a fair and just reason to permit the presentence withdrawal

of a guilty plea,[2] our Supreme Court recently articulated that "a bare assertion of innocence is not, in and of itself, a sufficient reason to **require** a court to grant" a presentence request to withdraw a guilty plea. **Carrasquillo**, 115 A.3d at 1285 (emphasis added). The **Carrasquillo** Court continued:

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. . . . More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Id**. at 1292; **accord**, **Commonwealth v. Hvizda**, 116 A.3d 1103, 1107 (Pa. 2015) ("[A] bare assertion of innocence—such as [the a]ppellee provided as the basis for withdrawing his guilty plea—is not, in and of itself a sufficient reason to require a court to grant such a request.").

The trial court herein clarified that Appellant never testified at the January 7, 2015 hearing related to his motion to withdraw his plea. The court stated that Appellant "did not testify at the hearing, nor did he offer any testimony from other witnesses in support of counsel's unverified

---

[2] "In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Kepner**, 34 A.3d 162, 166 n.2 (Pa. Super. 2011).

Motion" to withdraw his plea. Pa.R.A.P. 1925(a) Opinion, 8/24/15, at

unnumbered 2. The trial court explained:

> This court notes that counsel did not file the Motion to Withdraw Plea until sometime after the Sexual Offenders Assessment Board issued its written report that [Appellant] was a sexually violent predator. Until that time [Appellant] had not offered any statements of factual innocence of the charges. At the plea hearing [Appellant] stated that he understood that he was not admitting that he committed the two offenses to which he pleaded nolo contendere. He did not state, however, that he was innocent of the charges. He admitted that he was aware of the Commonwealth's evidence. This included the actual age of the victim and supposedly her statement to him that she was sixteen years old. He certainly was aware of the statements he made to the police prior to his arrest on the charges. Unfortunately, other than counsel's naked assertion of a fair and just reason, the court had no testimony concerning [Appellant's] entry of his nolo contendere plea and the fair and just reason to withdraw the plea. The court notes that counsel's claim of his client's innocence is belied by the record, particularly [Appellant's] statements at the plea hearing and the testimony at the hearing to withdraw the plea. Counsel's claim that [Appellant] did not understand the elements of the charges is disingenuous in light of [Appellant's] statement under oath at his plea hearing that he understood the nature of the charges. Moreover, [Appellant] entered a plea of nolo contendere, unlike the defendants in Commonwealth v. Forbes, 450 Pa. 185, 299 A.2d 268 (1973) and Commonwealth v. Carrasquillo, 2015 Pa. Lexis 1276, 115 A.3d 1284, who entered guilty pleas.

Pa.R.A.P. 1925(a) Opinion, 8/24/15, at unnumbered 2–3.

Applying the standards set forth in **Carrasquillo**, we would conclude

that the trial court did not abuse its discretion in denying Appellant's motion

to withdraw his *nolo contendere* plea. The trial court determined under the

circumstances of this case, that Appellant truly did not put forth a claim of

innocence and did not present a fair and just reason for withdrawing his

plea. Rather, the trial court found that Appellant repeatedly admitted the Commonwealth's possession of sufficient evidence to support his crimes beyond a reasonable doubt, both to the court in his plea colloquy and to the SOAB evaluator during the SVP assessment, and that Appellant attempted to withdraw his plea only after learning of the SOAB's recommendation concerning Appellant's SVP status. *See* N.T. (Plea), 7/14/14, at 8; N.T. (Plea Withdrawal Hearing), 1/7/15, at 9. Thus, the trial court found Appellant's bald assertion of innocence to be disingenuous. Moreover, at the hearing on the motion to withdraw the plea, when Appellant had the opportunity to present an explanation for withdrawal of his plea, he did not testify or present any other evidence. N.T. (Plea Withdrawal Hearing), 1/7/15, at 3. Because Appellant failed to make a colorable demonstration, under the circumstances, that withdrawal of the plea would promote fairness and justice, *Unangst*, 71 A.3d at 1020, *Carrasquillo*, 115 A.3d at 1292, we would conclude the trial court did not abuse its discretion in finding that Appellant did not present a fair and just reason for withdrawing his plea.

Appellant's companion claim is that the Commonwealth would not suffer prejudice if Appellant was permitted to withdraw his plea because it would be "in the same posture [it was] in when [it] originally [was] trying the case." Appellant's Brief at 8. In light of our disposition of the first claim, we need not address the companion issue. *See Carrasquillo*, 115 A.3d at

1293 n.9 ("In light of our disposition above, we do not reach the second issue on appeal, which concerns prejudice to the Commonwealth.").

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2016