J-S05001-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FARACE | : | |
| | : | |
| Appellant | : | No. 1699 WDA 2016 |

Appeal from the Judgment of Sentence May 23, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0002632-2014

BEFORE:   OLSON,  OTT and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                     FILED MARCH 28, 2018

Appellant, Anthony Farace, appeals from the judgment of sentence entered on May 23, 2016, as made final by the denial of his post-sentence motion on October 17, 2016.  We affirm.

The factual background of this case is as follows.  In September 2014, police questioned Appellant in relation to the burglary of an abandoned trailer home.  He was found in possession of several items stolen in the burglary and six oxycodone pills.  Appellant admitted that he had 29 additional oxycodone pills at his residence and that he sold the pills for money.

The procedural history of this case is as follows.  On December 23, 2014, the Commonwealth charged Appellant via criminal information with eight

* Retired Senior Judge assigned to the Superior Court

offenses. On January 20, 2016, Appellant pled guilty to possession with intent to deliver a controlled substance[1] and receiving stolen property.[2]

This Court previously described Appellant's written and oral guilty plea colloquies as follows:

> Question 39 of Appellant's written plea colloquy stated: Your plea must be voluntary and your rights must be voluntarily, knowingly, and intelligently waived. If anyone has promised you anything other than the terms of a plea bargain, your plea will be rejected. If anyone has forced you or attempted to force you in any way to plead guilty or nolo contendere, your pleas will be rejected. Do you fully understand this? Appellant answered no.
>
> Question 40 stated: Has anybody forced you to enter this plea? Appellant answered yes. Question 41 asked: Are you doing this of your own free will? Appellant answered yes. To Question 50 of the written colloquy, which asked if he was presently taking any medication which might affect your thinking or your free will, Appellant answered no. Question 51 asked: Have you had any narcotics or alcohol in the last 48 hours? Appellant answered yes.
>
> The trial court conducted the following oral colloquy of Appellant:
>
> The trial court: Sir, you're entering into a plea. Are you doing this voluntarily?
>
> Appellant: I really didn't do nothing. I mean, I was coerced into it, I was coerced into something and I'm getting the blame for it, which I didn't do nothing, but—I don't understand, you know, I really—
>
> The trial court: Well, what I mean, sir, is did anyone tell you that you have to enter this plea today?
>
> Appellant: It seems like I'm being forced into it for some reason, but I'm not sure. You know, I'm—to be honest with you, I—

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 3925(a).

> The trial court: Well, if you think you are being forced into this, I cannot accept your open plea.
>
> Appellant: Right. Right.
>
> The trial court: This is something you have to do voluntarily.
>
> Appellant: Right.
>
> [After a recess was taken so Appellant could consult with his counsel the colloquy continued as follows:]
>
> The trial court: After counsel provides that advice to you, did you make your own independent decision to enter this open plea?
>
> Appellant: Yes.
>
> When asked if he was doing so out of his own freewill, Appellant again answered affirmatively. Appellant also acknowledged that he had completed the written colloquy prior to his hearing.

Commonwealth v. Farace, 2017 WL 4786413, *1–2 (Pa. Super. Oct. 24, 2017) (unpublished memorandum) (cleaned up).

On May 23, 2016, the trial court sentenced Appellant to an aggregate term of 16 to 32 months' imprisonment. On June 2, 2016, Appellant filed a post-sentence motion seeking to withdraw his guilty plea. On October 17, 2016, the trial court denied that motion. This timely appeal followed.

Appellant's court-appointed counsel filed a motion to withdraw as counsel together with a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981). See Farce, 2017 WL 4786413 at *1. This Court denied counsel's motion to withdraw and ordered him to file a revised Anders brief or a merits brief. See id. at *5. Counsel thereafter filed a merits brief. After this case was submitted

to a new panel pursuant to Superior Court Operating Procedure 65.5(F), it is now ripe for disposition.

Appellant presents one issue for our review:

Did the trial court abuse its discretion by summarily denying [Appellant's] motion to withdraw his pleas as not entered voluntarily, knowingly, and intelligently?

Appellant's Brief at 4 (capitalization removed).

In his lone issue, Appellant argues that the trial court erred in denying his post-sentence motion seeking to withdraw his guilty plea. We review a trial court's decision to deny a post-sentence motion to withdraw a guilty plea for an abuse of discretion. Commonwealth v. Unangst, 71 A.3d 1017, 1019 (Pa. Super. 2013) (citation omitted). In order to withdraw a guilty plea after sentencing, a defendant must show that failing to permit withdrawal would result in manifest injustice. Commonwealth v. Hart, 174 A.3d 660, 664 (Pa. Super. 2017) (citation omitted).

Appellant argues that the trial court's failure to permit withdrawal of his guilty plea resulted in a manifest injustice because the plea was not knowing, intelligent, and voluntary. Relying on the portions of the written and oral colloquies quoted above, Appellant argues that the record reflects that he was coerced into pleading guilty. We disagree.

Prior to the guilty plea hearing, Appellant filled out the written guilty plea colloquy. Taken alone, the written guilty plea colloquy raises serious concerns regarding the voluntariness of Appellant's plea. During the guilty

- 4 -

plea hearing, however, the trial court explained to Appellant the consequences of entering a guilty plea and extensively questioned Appellant regarding the voluntary nature of the guilty plea. See N.T., 1/20/16, at 4-16. Contrary to Appellant's assertion, this oral colloquy included the trial court explaining the maximum penalties for the offenses to which he was pleading guilty. Id. at 9-12. After consulting with his counsel, Appellant indicated that he understood the consequences of pleading guilty. He then stated, multiple times, that he was entering the guilty plea of his own free will and volition. Id. at 14-15. The trial court observed Appellant during this colloquy and determined that he was entering into a knowing, intelligent, and voluntary plea. This finding is supported by the record, i.e., Appellant's repeated affirmation that he was entering a voluntary, knowing, and intelligent guilty plea after his prior equivocations.

These facts distinguish this case from Commonwealth v. Gunter, 771 A.2d 767 (Pa. 2001), the sole case relied on by Appellant. In Gunter, the defendant's written guilty plea colloquy raised concerns regarding the voluntariness of his guilty plea. In Gunter, unlike in the case at bar, the trial court did not conduct an oral colloquy in order to clarify these concerns. Id. at 768. It was the failure to clarify Appellant's inconsistent answers on the written guilty plea colloquy, along with the failure of the written guilty plea to explain the effect of pleading guilty, that led our Supreme Court to find that

the defendant's guilty plea was not knowing, intelligent, and voluntary.[3] See id. at 772.

The trial court's determination is further supported by the circumstances of Appellant's guilty plea and sentencing hearing. In many cases, a trial court imposes sentence immediately after a defendant pleads guilty. See, e.g. Gunter, 771 A.2d at 768. In this case, however, the trial court sentenced Appellant over four months after he pled guilty. Appellant did not seek to withdraw his guilty plea during those four months nor did he seek to withdraw his guilty plea at the sentencing hearing. Instead, Appellant only sought to withdraw his guilty plea after the trial court sentenced him to a term of imprisonment. This indicates that Appellant was merely unhappy with the sentence received and is attempting to challenge the validity of his guilty plea to attack the judgment of sentence. Therefore, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

_____

[3] Our Supreme Court also noted the dubious representation that the defendant in Gunter received. We need not address that issue in this case because the oral colloquy indicates that Appellant's plea was knowing, intelligent, and voluntary.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   3/28/2018