J-S31003-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DENNIS M. FATH :
:
Appellant : No. 662 WDA 2018

Appeal from the Judgment of Sentence February 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000156-2017,
CP-02-CR-0010711-2017, CP-02-CR-0011913-2014

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: FILED JULY 2, 2019

Appellant, Dennis M. Fath, appeals from the judgment of sentence entered on February 13, 2018, as made final by the denial of Appellant's post-sentence motion on April 9, 2018. We vacate Appellant's judgment of sentence and remand for resentencing.

As the trial court explained:

> [Appellant] was charged at CP-02-CR-0000156-2017 [(hereinafter "Case Number 156-2017")] with several counts dealing with sexual abuse of a child. The trial resulted in a hung jury on August 14, 2017. On February 13, 2018, [Appellant] pled guilty pursuant to a limited plea agreement. [At Case Number 156-2017, Appellant pled guilty to] aggravated indecent assault by forcible compulsion[;[1]] the other counts at that information were withdrawn. In the next

_____

[1] 18 Pa.C.S.A. § 3125(a)(2).

part of the plea agreement, [Appellant] pled guilty to intimidation of a witness and simple assault at [CP-02-CR-0010711-2017 (hereinafter "Case Number 10711-2017").[2]] Finally, at [CP-02-CR-0011913-2014 (hereinafter "Case Number 11913-2014"), Appellant] pled guilty to [three counts of] forgery.[3] The only agreement as to sentence was that [Appellant] would receive probation at the forgery case. There was no agreement as to sentence at the other two case numbers.

[At the beginning of the plea hearing, the trial court recited the charges to which Appellant intended to plead guilty. This portion of the transcript reads:

> [Trial Court]: Do you understand that at the Criminal Complaint ending in 156, Count 1 is now Aggravated Indecent Assault, and it is alleged that you penetrated the anus or vagina of a child with a part of your body, other than for good faith medical or hygienic or law enforcement purposes, punishable by 10 years of imprisonment.
>
> The other charges have been withdrawn.
>
> At the Criminal Complaint ending in 711, you are charged with Intimidating a Victim or a Witness, namely [S.M.], to hinder the -- to refrain from informing police officers or law enforcement concerning the commission of a crime, that is that you hit [S.M.] in the head. And this is punishable by 20 years of imprisonment.
>
> Count 2 charges you with Attempting to Cause or Knowingly or Intentionally Causing Injury to [S.M.]
>
> At the Criminal Complaint ending in 913, you are charged with three counts of Forgery, and it is alleged that with the intent to defraud another, you passed a writing that you knew to be forged, without the permission of the

_____

[2] 18 Pa.C.S.A. §§ 4952(a)(1) and 2701(a)(1), respectively.

[3] 18 Pa.C.S.A. § 4101(a)(3).

owner. The alleged victim in each of the three cases is [R.T.]

Each of these are punishable by not more than seven years of imprisonment.

Do you understand the charges against you?

[Appellant]: Yeah.

N.T. Plea Hearing, 2/13/18, at 3-4.]

Upon agreement of counsel and with [trial] court approval, in lieu of a verbal summary of the facts of the aggravated indecent assault and the intimidation of a witness charges, the record of the [previous] jury trial was incorporated into the plea proceedings. After th[e trial] court administered the oral guilty plea colloquy, the guilty pleas were [accepted by the trial court]. . . .

[Appellant waived the preparation of a presentence report and asked to proceed to sentencing. The trial court then] imposed a sentence of [four to eight years in prison] on the aggravated indecent assault by forcible compulsion charge plus five [] years of probation to be followed by a consecutive two [] to four [] years of confinement for the intimidation of a witness charge. A two [] year period of probation was given for the forgery charges. . . .

Trial Court Opinion, 1/22/19, at 2-3 (footnotes, corrections, and some capitalization omitted).

On February 21, 2018, Appellant filed a timely post-sentence motion, where he claimed: 1) the trial court abused its discretion at sentencing by not affording Appellant or his counsel an opportunity to speak at the hearing, by failing to state its reasons for imposing an aggravated range sentence at Case Number 156-2017, and by imposing a manifestly excessive sentence and 2) the trial court's sentence at Case Number 156-2017 is illegal, as it exceeds

the statutory maximum penalty for the crime. Appellant's Post-Sentence Motion, 2/21/18, at 1-3. With the trial court's permission, Appellant filed a supplemental post-sentence motion on March 29, 2018, where he requested that the trial court grant him permission to withdraw his guilty plea because Appellant "was not aware that he would be pleading guilty to intimidation of a witness or simple assault in [Case Number 101711-2017] based on his conversations with [Plea Counsel] prior to the entry of the pleas." Appellant's Supplemental Post-Sentence Motion, 3/29/18, at 3-4.

The trial court held a post-sentence motion hearing on March 12, 2018. During this hearing, the trial court declared:

> And on his motion I am going to – at [Case Number 156-2017] at Count 1 I am going to vacate the term of probation because [counsel] is correct I exceeded the [statutory maximum]. Okay. . . . So that is done.

N.T. Post-Sentence Motion Hearing, 3/12/18, at 3; see also Amended Order of Sentence at 1.[4] The trial court then continued the post-sentence motion hearing to April 5, 2018.

During the April 5, 2018 post-sentence motion hearing, Appellant testified as to the circumstances surrounding the entry of his plea. Appellant testified that, before he entered the courtroom to enter his plea, he believed that he was only pleading guilty to "indecent aggravated assault and forgery."

_____

[4] The trial court issued an Amended Order of Sentence, which reflects Appellant's amended sentence. Amended Order of Sentence at 1. However, the trial court erroneously backdated this amended order to February 13, 2018.

- 4 -

N.T. Post-Sentence Motion Hearing, 4/5/18, at 4. Appellant claimed that he did not know he was pleading guilty to the crime of intimidation of a witness. Id. Appellant testified that he "first [found] out that [he] would have to plead guilty to the intimidation charge . . . [w]hen [he] came up into the courtroom." Id. at 6. Specifically, Appellant testified: "right before I was sworn in[, my attorney] told me things have changed . . . [and] that [I] would as part of the plea agreement . . . have to plead guilty to the intimidation." Id.

Appellant testified that he did not object or say anything to his attorney at the time because "I was nervous and upset." Id. at 7. Appellant also testified that he answered the trial court's questions during the plea colloquy – including affirmatively declaring that he "underst[oo]d the charges against [him]" – because "I just was upset. I really didn't want to take the plea and I just did it and I don't know why I did it but I didn't really want to." Id.; see also N.T. Plea Hearing, 2/13/18, at 3-4.

At the end of the hearing, the trial court declared that it was going to deny Appellant's post-sentence motion. The trial court explained:

> I have reviewed the colloquy. It is a colloquy where [Appellant] does not indicate that he doesn't understand or doesn't know what's going on. I sentenced him on that day to the sentence he is now serving. . . . The fact that [Appellant] was nervous and upset does not mean that he did not understand the plea agreement and both the plea and sentencing transcript and the post-sentencing motion indicate it to be so.
>
> . . .
>
> So, therefore, the motion is denied.

N.T. Post-Sentence Motion Hearing, 4/5/18, at 15-16; see also Trial Court Order, 4/9/18, at 1.

On May 5, 2018, Appellant filed a timely notice of appeal.[5]  He raises two claims to this Court:

> [1.] Whether the trial court erred when it concluded that [Appellant's] plea was voluntary and knowingly entered, where [Appellant] was misinformed by trial counsel regarding what charges and the amount of incarceration time associated with the plea agreement, and only just prior to pleading guilty – while in the courtroom and having already completed the written guilty plea colloquy – did the trial counsel inform [Appellant] of the plea in its entirety[?]
>
> [2.] Whether the trial court erred when it excessively sentenced [Appellant] without stating a reason for the imposition as required by Pa.R.Crim.P. 704(C)(2), and did not afford [Appellant] or his counsel the opportunity to address the sentencing as required by Pa.R.Crim.P. [704(C)(1)?]

Appellant's Brief at 4 (some capitalization omitted).

First, Appellant claims that the trial court erred when it denied his post-sentence motion to withdraw his guilty plea.  This claim fails.

We review a trial court's decision to deny a post-sentence motion to withdraw a guilty plea for an abuse of discretion.  Commonwealth v.

_____

[5] Appellant filed a single notice of appeal for all three docket numbers.  We note that, in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), our Supreme Court held:  "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."  Id. at 977.  The Walker Court, however, determined that the failure to file separate notices of appeal would result in quashal only for appeals filed after the date of that decision, i.e., June 1, 2018.  The instant appeal was filed on May 5, 2018. Therefore, since this case predates Walker, we will not quash this appeal.

Unangst, 71 A.3d 1017, 1019 (Pa. Super. 2013) (citation omitted).  In order to withdraw a guilty plea after sentencing, a defendant must show that failing to permit withdrawal would result in manifest injustice.  Commonwealth v. Hart, 174 A.3d 660, 664 (Pa. Super. 2017) (citation omitted).  A "manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly."  Commonwealth v. Gunter, 771 A.2d 767, 771 (Pa. 2001).  We have explained:

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the [trial] court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.
>
> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered.  As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:
>
>> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>>
>> (2) Is there a factual basis for the plea?
>>
>> (3) Does the defendant understand that he or she has the right to trial by jury?
>>
>> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>>
>> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

This Court has further summarized:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

Finally, we apply the following when addressing an appellate challenge to the validity of a guilty plea:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> A defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

Commonwealth v. Yeomans, 24 A.3d 1044, 1046-1047 (Pa. Super. 2011) (corrections, footnotes, and some internal citations and quotations omitted).

On appeal, Appellant claims that his plea was not tendered knowingly, intelligently, or voluntarily because he "was not aware he would be pleading guilty to intimidation of a witness or simple assault in" Case Number 10711-2017. Appellant's Brief at 13. The record belies Appellant's claim. Certainly, during the plea hearing, the trial court specifically asked whether Appellant understood that he was tendering a guilty plea to the following charges:

> At the Criminal Complaint ending in 711, you are charged with Intimidating a Victim or a Witness, namely [S.M.], to hinder the -- to refrain from informing police officers or law enforcement concerning the commission of a crime, that is that you hit [S.M.] in the head. And this is punishable by 20 years of imprisonment.
>
> Count 2 charges you with Attempting to Cause or Knowingly or Intentionally Causing Injury to [S.M.]

N.T. Plea Hearing, 2/13/18, at 3-4.

Appellant testified that he understood the charges against him. Id.

Now on appeal, Appellant attempts to contradict the statements he made in open court, while under oath, by claiming that he actually did not understand that he was pleading guilty to intimidation of a witness and simple assault. Appellant's Brief at 13. This claim fails under our law. Yeomans, 24 A.3d at 1047 ("[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while

under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy") (quotations and citations omitted). Therefore, the trial court did not abuse its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea.

Second, Appellant claims that the trial court abused its discretion at sentencing because "the trial court did not state the reasons for the sentence imposed on the record [and] did not permit [Appellant] or his counsel the opportunity to present information and argument relative to sentencing." Appellant's Brief at 15; see also Pa.R.Crim.P. 704(C)(1) and (2). We will not engage in a lengthy discussion on this issue, as the Commonwealth and the trial court both agree that the trial court failed to comply with Pennsylvania Rule of Criminal Procedure 704 and that we must vacate Appellant's judgment of sentence and remand for resentencing. Trial Court Opinion, 1/22/19, at 5; Commonwealth's Brief at 13-14. Further, we note that Appellant preserved his sentencing claims at every stage of the proceedings and that the trial court's error is clearly apparent from the record. See N.T. Plea Hearing, 2/13/18, at 7-9. Therefore, we vacate Appellant's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/2019