J-S13005-20
J-S13006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY CHARLES BICKHAM, JR. | |
| Appellant | No. 1862 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 21, 2019
In the Court of Common Pleas of the 39th Judicial District
Franklin County Branch
Criminal Division at No.: CP-28-CR-0001395-2019

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY CHARLES BICKHAM, JR. | |
| Appellant | No. 1863 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 21, 2019
In the Court of Common Pleas of the 39th Judicial District
Franklin County Branch
Criminal Division at No.: CP-28-CR-0001339-2019

BEFORE: STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.: **FILED JUNE 16, 2020**

Appellant Timothy Charles Bickham, Jr. appeals from the August 21,

2019 judgments of sentence of the Court of Common Pleas of the 39th Judicial

---

[*] Retired Senior Judge assigned to the Superior Court.

District, Franklin County Branch ("trial court"), following the denial of his post-sentence motion to withdraw his guilty pleas. His counsel has filed a brief and applications to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1969), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgments of sentence and grant counsel's applications to withdraw.

On July 19, 2019, at docket number 1339 ("First Case"), Appellant was charged with possession with intent to deliver ("PWID") a controlled substance (cocaine), possession of a small amount of marijuana, and use or possession of drug paraphernalia.[1] On August 12, 2019, during the pendency of the First Case, Appellant was charged with aggravated assault and simple assault at docket number 1395 ("Second Case").[2] On August 21, 2019, Appellant entered into negotiated guilty pleas in both cases. Specifically, he pleaded guilty to simple possession[3] and possession of drug paraphernalia in the First Case and simple assault in the Second Case. With respect to the First Case, Appellant agreed to a term of 15 to 36 months' imprisonment for simple possession followed by a term of 12 months' probation for possession of drug paraphernalia. In the Second Case, Appellant agreed to a term of 6 to 24

---

[1] 35 P.S. § 780-113(a)(30), (31) and (32), respectively.

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and 2701(a)(1).

[3] The Commonwealth amended and reduced the PWID charge to simple possession under 35 P.S. § 780-113(a)(16).

- 2 -

months' imprisonment for simple assault to be served concurrently with his sentence for simple possession imposed in the First Case.

On August 30, 2019, Appellant filed a post-sentence motion to withdraw his guilty pleas in both cases. In support of his motion, Appellant alleged, *inter alia*, that:

> [1.] it was a conflict of interest for Ian Brink, Chief Deputy District Attorney to have represented the Commonwealth in the case against him because Attorney Brink represented him in two prior cases while he was employed with the Public Defenders' Office.
>
> [2.] he was entitled to have and review full discovery at the time of his preliminary hearing.
>
> [3.] the oral offer made to him at the time of his preliminary hearing was different from the written offer included in the guilty plea colloquy he was provided with at his arraignment. Although, at the time of his arraignment, he still chose to accept and sign the written guilty plea colloquy, and was sentenced in accordance with at the time of plea and sentencing.

Motion to Withdraw, 8/30/19, at ¶ 7. The trial court conducted a hearing on September 27, 2019. At the hearing, Appellant testified that he previously was represented by Attorney Brink, who was his public defender on a case involving a PWID charge. N.T. Hearing, 9/27/19, at 5. Here, there was no dispute that Attorney Brink represented the Commonwealth in the underlying cases. *Id.* at 6. At the hearing, Appellant's counsel conceded that Appellant was "not entitled to full discovery at a preliminary hearing and was provided full discovery prior to the guilty plea." *Id.* at 13; *see* Pa.R.Crim.P. 573(A). As a result, his counsel abandoned this argument as a basis for seeking the withdrawal of Appellant's guilty pleas. On October 15, 2019, the trial court

denied Appellant's post-sentence motion to withdraw his guilty pleas. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On January 21, 2020, Appellant's counsel filed in this Court applications to withdraw as counsel and filed an **Anders** brief, wherein counsel challenged the denial of Appellant's post-sentence motion to withdraw the guilty pleas. **Anders** Brief at 7.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's applications to withdraw from representation provide that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the applications

to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of *Santiago*. We, therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant argues that the trial court abused its discretion in denying his post-sentence motion to withdraw his guilty pleas. It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the

sound discretion of the trial court. ***Commonwealth v. Unangst***, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotation omitted); ***see Commonwealth v. Broaden***, 980 A.2d 124, 128 (Pa. Super. 2009) (noting that we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion), ***appeal denied***, 992 A.2d 885 (Pa. 2010). Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he "***must demonstrate*** prejudice on the order of manifest injustice." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011) (emphasis added). In ***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa. Super. 2014), ***impliedly overruled on other grounds by Commonwealth v. Hvizda***, 116 A.3d 1103, 1106 (Pa. 2015), we explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." ***Prendes***, 97 A.3d at 352 (citation omitted). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. ***Id.*** "Pennsylvania law presumes a

defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Id.*

Instantly, after careful review of the record, and the relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's issue. *See* Trial Court Opinion, 10/15/19, at 2-8. The court explained that Appellant failed to establish that Attorney Brink's prior representation of him "in any way conflicted with his representation of the Commonwealth in the instant cases." *Id.* at 3. The trial court further concluded that Appellant entered into the negotiated guilty pleas knowingly, voluntarily and intelligently. He was aware at the time he pleaded guilty that the guilty plea differed from an earlier guilty plea offer. *Id.* at 5. We, therefore, cannot conclude that the trial court abused its discretion in denying Appellant's post-sentence motion to withdraw his guilty pleas, as he failed to establish manifest injustice.

We have conducted an independent review of the record and addressed Appellant's argument on appeal. Based on our conclusions above, we agree with Appellant's counsel that the guilty plea issues Appellant seeks to litigate in this appeal are wholly frivolous. Accordingly, we affirm Appellant's August 21, 2019 judgments of sentence and grant counsel's applications to withdraw. We further direct that a copy of the trial court's October 15, 2019 opinion be attached to any future filings in this case.

Judgments of sentence affirmed.  Applications to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020