J-S36015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEVAUGHN MURRAY | : | |
| | : | |
| Appellant | : | No. 800 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005117-2019

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 30, 2021**

Levaughn Murray appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his guilty plea to two counts of robbery[1] and one count of possession of firearm prohibited.[2] Additionally, Murray's counsel, James Lloyd, Esquire, has filed an application to withdraw as counsel and an accompanying **Anders**[3] brief.  Upon review,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

we grant Attorney Lloyd's application to withdraw and affirm Murray's judgment of sentence.

On May 4, 2019, at approximately 12:00 p.m., Chris Vega and Aidaliz Del Valle exited a check cashing business as Murray approached them brandishing a firearm. Murray claimed that Vega owed him money and demanded that Vega and Del Valle give him their money. The victims gave Murray $380.00 and $496.00, respectively.

On June 14, 2019, Murray was charged, *inter alia*, with the above-mentioned offenses. On March 3, 2021, Murray entered into a negotiated guilty plea in which he agreed to plead guilty to two counts of robbery and one count of possession of firearm prohibited, and to receive an aggregate sentence of 4½ to 10 years in prison. In exchange, the Commonwealth agreed to withdraw the remaining charges. On the same day, the trial court sentenced Murray, in accordance with the negotiated plea agreement.

On March 10, 2021, Murray filed a motion to withdraw his guilty plea, claiming that he was innocent and that it would be manifest injustice to prevent him from cross-examining the witnesses at a trial. On March 24, 2021, the trial court conducted a hearing, after which it denied Murray's motion.

Murray filed a timely notice of appeal. The trial court ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, on June 11, 2021, counsel filed his intention to file an ***Anders*** brief

in lieu of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(c)(4). Counsel subsequently filed, with this Court, an application to withdraw as counsel, and a brief pursuant to **Anders**. Murray filed a *pro se* application for relief, in which he requested leave to file a *pro se* response to counsel's **Anders** brief. This Court granted Murray's application for relief, and he has filed a *pro se* response to counsel's **Anders** brief.

When counsel files an **Anders** brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Santiago**. *See Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files **Anders** brief and appellant files *pro se* response). If counsel has complied with the dictates of **Anders** and **Santiago**, we will address the issues raised in the **Anders** brief and conduct our independent examination of the record as to those issues. *See id.* Finally, if we determine those issues to be without merit, we next examine the appellant's *pro se* allegations. *See id.* In doing so, "[this] Court is limited to examining only those issues raised and developed in the brief[; w]e do not act as, and are forbidden from acting as, appellant's counsel." *Id.*

Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and

interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Lloyd has substantially complied with each of the technical requirements of *Anders*/*Santiago*. *See Commonwealth v.*

- 4 -

*Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating counsel must substantially comply with requirements of *Anders*). Attorney Lloyd indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that counsel has furnished a copy of the *Anders* brief to Murray, advised Murray of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, counsel's *Anders* brief substantially complies with the requirements of *Santiago*. As Attorney Lloyd has complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Murray's appeal is, in fact, wholly frivolous.

In the *Anders* brief, Attorney Lloyd presents the following issues on Murray's behalf for our review:

> [1.] Did the [trial] court err when it denied [Murray]'s timely post-sentence motion to withdraw his guilty plea?
>
> [2.] Is the guilty plea in this matter valid where: (1) [Murray] was taking prescription medication at the time the plea was entered; (2) [Murray] did not know he was pleading guilty to two counts of robbery, because only one complainant testified at the preliminary hearing; (3) [Murray] maintains that "I'm innocent and not guilty of robbery[;]" and (4) the minimum sentence imposed for the crime of [] robbery was 4½ years of incarceration?

*Anders* Brief, at 4.

In his first claim, Murray asserts that he has an absolute "right to reconsider and withdraw his guilty plea within ten days of entering the plea."

- 5 -

*Id.* at 17. Murray contends that the trial court, therefore, erred in denying his motion to withdraw his guilty plea.

The decision of whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. ***Commonwealth v. Unangst***, 71 A.3d 1017, 1019 (Pa. Super. 2013) (citations and quotations omitted); ***see also Commonwealth v. Broaden***, 980 A.2d 124, 128 (Pa. Super. 2009) (appellate courts review trial court's order denying motion to withdraw guilty plea for abuse of discretion).

It is well settled that there is ***no absolute right*** to withdraw a guilty plea. ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). When a defendant seeks to withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011); ***see also Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) ("post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices[]") (citations and quotation marks omitted).

> To ensure that a plea is voluntary, knowing, and intelligent,
>
> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. . . . As the Comment to Rule 590 provides[,] at a minimum, the trial court should ask questions to elicit the following information:
>
>> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has a right to a trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Hart*, 174 A.3d at 667-68 (citations omitted). "Inquiry into the above six areas is mandatory." *Commonwealth v. Ingold*, 823 A.2d 917, 921 (Pa. Super. 2003). "The purpose of [Rule 590] is to ensure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." *Commonwealth v. Carter*, 656 A.2d 463, 465 (Pa. 1995).

In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016). "A guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea[,] and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993). "Pennsylvania law presumes a defendant who entered a guilty plea was aware

of what he was doing, and the defendant bears the burden of proving otherwise." *Id.* Moreover, "[a] written plea colloquy that is read, completed[,] and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.).

Instantly, our review of the record reveals that on March 3, 2021, Murray entered into a negotiated plea and was sentenced that same day. Additionally, Murray filed a timely motion to withdraw his guilty plea. However, our precedent clearly establishes that there is no "absolute right" to withdraw a guilty plea. *See Forbes*, *supra*. Rather, the defendant must "demonstrate prejudice on the order of manifest injustice." *See Yeomans*, *supra*. Our review of the record reveals that the trial court inquired into each of the Rule 590 questions, and that Murray entered his plea knowingly, intelligently, and voluntarily. *See Hart*, *supra*; *Ingold*, *supra*; *see also Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."). Accordingly, we conclude that Murray's first claim is frivolous.

In his second claim, Murray raises three sub-issues,[4] which we address separately. First, Murray contends that his guilty plea is invalid because, at the time of his plea, he was taking Thorazine for anxiety. **Anders** Brief, at 30. Murray asserts that his prescribed Thorazine "could have affected [his] comprehension at the time." **Id.**

Our review of the record belies Murray's claim. At the negotiated plea hearing, the trial court colloquied Murray regarding any mental health medications that he was taking at the time. **See** N.T. Negotiated Plea Hearing, 3/3/21, at 5-6. Murray informed the trial court that he was taking prescribed medications for anxiety and depression. **Id.** The trial court asked, "Do any of those medicines affect your ability to understand what you're doing today?" **Id.** at 6. Murray replied "No ma'am." **Id.** at 6. We further observe that throughout his plea hearing, Murray engaged with the trial court's colloquy coherently and responsively. **See id.** at 3-15. Additionally, after the trial court's colloquy, Murray indicated that he had no questions prior to entering his plea. **Id.** at 10-11. Moreover, Murray reviewed and signed a written guilty plea colloquy, stating that he understood his rights and had reviewed them

---

[4] We note that Murray's first and second sub-issues were not raised in his motion to withdraw guilty plea and were not argued at the subsequent hearing. Additionally, the Commonwealth has objected to this defect in its brief. **See** Commonwealth Brief, at 9-10. Accordingly, we may deem them waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Nevertheless, we review these claims as part of our independent review of the record. **See Dempster**, **supra**.

with his counsel. **See** Written Guilty Plea Colloquy, 3/3/21, at 1-4; N.T. Negotiated Plea Hearing, 3/3/21, at 9 (Murray stating he signed the written guilty plea colloquy at bottom of page 3 and acknowledging he reviewed form with plea counsel and understood it). Accordingly, this claim is frivolous. **See Fluharty**, **supra**; **Pollard**, **supra**.

In his second sub-issue, Murray argues that he is innocent of the robbery offenses, and that he was unaware that he was pleading guilty to two counts of robbery. **Anders** Brief, at 30-31.

With regard to Murray's claim that he is innocent and was unaware that he was pleading guilty to two counts of robbery, the record belies this claim as well. During the guilty plea hearing the trial court asked Murray if he was pleading guilty because he is guilty, to which Murray responded "Yes[.]" N.T. Negotiated Plea Hearing, 3/3/21, at 11. Additionally, the trial judge asked Murray if he understood that he was pleading guilty to "two counts of first-degree felony robbery, and one count of . . . possession of a firearm [] prohibited." **Id.** at 4. Murray responded, "Yes[.]" **Id.** at 5. Further, at the hearing on Murray's motion to withdraw guilty plea, the trial court questioned Murray as follows:

[Trial] Court: Did I go over the terms of the negotiated plea with you?

[Murray]: Yes, ma'am.

[Trial] Court: And, in fact, when I did that – and also on the form that you signed, . . . the second charge there that was noted after

- 10 -

the *two counts of robbery*, was person possessing a firearm as a prohibited person. Do you remember talking about that?

[Murray]: Yes, I do.

[Trial] Court: Well, at no time, sir, did you say, [“]oh that's a surprise to me,[”] did you?

[Murray]: No, ma'am.

N.T. Motion to Withdraw Plea, 3/24/21, at 15 (emphasis added). Accordingly, we conclude that this claim is frivolous. **See Fluharty**, **supra**; **Pollard**, **supra**.

In his third sub-issue, Murray posits that his guilty plea is invalid because "the minimum sentence imposed was 4½ years of incarceration." **Anders** Brief, at 31. In particular, Murray claims that the mandatory minimum sentence contemplated by 42 Pa.C.S.A. § 9712, required the trial court to sentence to him to a 5-year minimum sentence, and that the trial court lacked the authority to accept a plea that resulted in a minimum sentence of less than 5 years. **Anders** Brief at 31.

Preliminarily, we observe that section 9712 was declared unconstitutional by this Court in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (determining sections 9712 and 9713 unconstitutional). Because Murray was sentenced nearly 7 years *after* our decision in **Valentine**, Murray's 4½-year minimum sentence does not constitute an illegal sentence and, therefore, his claim is frivolous.

We now turn to the issues, raised in Murray's *pro se* response. Murray raises the following claims for our review:

1. The presumption of innocence, the written colloquy pertinent part was not explain[ed] to [Murray].

2. The written colloquy did not state and/or was not made aware to [] Murray.

3. Prescription [psychiatric] medication could have altered [] Murray's comprehension and/or understanding of entering a guilty plea.

4. [Murray] waived both pre-sentence investigation and mental health evaluation is a[n] untrue statement made by attorney/counsel.

*Pro Se* Response to **Anders** Brief, at 1 (unpaginated).

With respect to Murray's first, second, and fourth issues, Murray provides no argument, nor does he cite to relevant legal authority, or request any relief. **See id.** Accordingly, we conclude that Murray has waived these claims. **See Bennett**, **supra**; **see also Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996) (Court will not review wholly inadequate brief that fails to comply with guidelines set forth in Pa.R.A.P. 2111(a)); Pa.R.A.P. 2119(a) (argument section of appellate brief shall include "such discussion and citation of authorities as are deemed pertinent").

In his third claim, Murray contends that the trial court erred by accepting his plea after the trial court was made aware that Murray was taking prescription medication. *Pro Se* Response to **Anders** Brief, at 3. Murray asserts that his medication "could have" altered his ability enter into the plea

knowingly and intelligently.  ***Id.***  Murray acknowledges that his "answers that day were coherent and responsive" but contends that is not indicative as to whether he knowingly, intelligently, and voluntarily entered into his plea.  ***Id.***

As discussed *supra*, Murray's claim is belied by the record.  **See** N.T. Negotiated Plea Hearing, 3/3/21, at 5-6, 9-11; Written Guilty Plea Colloquy, 3/3/21, at 1-4; **see also Fluharty**, **supra**.  Accordingly, Murray's claim is frivolous.

Judgment of sentence affirmed.  Application to withdraw granted.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: *12/30/2021*