J-S31030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TANIKA WASHINGTON | : | |
| | : | |
| Appellant | : | No. 379 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000259-2020

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 14, 2023**

Appellant Tanika Washington appeals from the October 25, 2022 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following her negotiated guilty plea to simple assault and conspiracy to commit simple assault.[1] Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, following an altercation that resulted in Appellant reaching over and punching a person in the face multiple times, she was charged with and pled guilty to the above-referenced crimes on October 25, 2022. Consistent with the terms of the negotiated guilty plea, the trial court sentenced Appellant to two years' probation. On November 4, 2022, Appellant filed a post-sentence motion to withdraw the guilty plea, which the trial court denied on January 24, 2023

---

[1] 18 Pa.C.S.A. §§ 2701(a) and 903.

following a hearing. Appellant timely appealed. The trial court directed her to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Appellant complied, challenging the validity of her guilty plea based on improper advice of counsel. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents a single issue for our review.

[I.] Whether the trial court erred in denying Appellant's post-sentence motion to withdraw her guilty plea where the record unequivocally shows that trial counsel incorrectly advised Appellant that she would be eligible to have the charges of conviction fully expunged when she finished her probation?

Appellant's Brief at 7.

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotation omitted); *see Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009) (noting that we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010). Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011). In *Commonwealth v. Prendes*, 97

A.3d 337, 352 (Pa. Super. 2014), *impliedly overruled on other grounds by Commonwealth v. Hvizda*, 632 Pa. 3, 116 A.3d 1103, 1106 (2015), we explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." *Prendes*, 97 A.3d at 352 (citation omitted). Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002).

"Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *Id*. "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Id*.

Thus, to be valid, a plea must be voluntary, knowing, and intelligent. *Commonwealth v. Persinger*, 615 A.2d 1305, 1307 (Pa. 1992). To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the

Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[2]  In **Yeomans**, this Court explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Yeomans**, 24 A.3d at 1047 (Pa. Super. 2011) (citation omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.  A person who

---

[2] The Comment also includes a seventh question, which is applicable only when a defendant pleads guilty to murder generally.

elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. . . . [A] defendant who elects to plead guilty has a duty to answer questions truthfully.

*Id.* "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citations and internal quotation marks omitted).

Here, our review of the record indicates that Appellant is not entitled to relief because she failed to furnish credible evidence that her plea counsel induced her into the negotiated guilty plea. As the trial court reasoned:

On October 24, 2022, a jury was selected. However, [] immediately before the commencement of trial, Appellant opted to accept a plea bargain. Subsequently, after the trial court provided Appellant ample time to discuss matters with her counsel, Appellant was colloqued both orally and in writing regarding her rights and the legal effects of the guilty plea. The trial court found that Appellant ple[d] guilty knowingly, voluntarily and intelligently, and accordingly, accepted the plea. Appellant was sentenced pursuant to the negotiations between counsel and Appellant.

During the oral colloquy, Appellant additionally affirmed that she was: (1) forty years old; (2) engaged in graduate school studies; (3) not under the influence of any medications, drugs or alcohol at present time; (4) never treated for a mental illness; (5) in no way threatened by anyone to enter into the plea; (6) not promised anything in exchange for entering the plea beyond its terms; (7) cognizant that entering into the plea would waive her right to a jury trial, to which a panel had already been selected for her; (8) that she understood the nature of the charges and the possible maximum sentences permitted by law for each count in the plea; (9) aware that her appellant rights would be limited as a result of entering the plea; (10) had reviewed the written colloquy with her

counsel prior to both initially and signing it on pages four and five of the colloquy[FN1]; and (11) satisfied with her attorney, Kendra McCrea, (hereafter "Attorney McCrea") with whom Appellant had been provided an opportunity to confer and resolve any questions she may have had prior to signing and agreeing to the plea.

> [FN1: Appellant also affirmed on the written colloquy that Attorney McCrea, "explained to you the elements of each of the above offense(s), and that, for each offense, the District Attorney would have to prove those elements beyond a reasonable doubt at trial in order to convict you for that offense?"]

Before sentencing, Appellant was presented with the opportunity to speak to the trial court at her discretion. Appellant stated, "this is an isolated incident that happened. And (sic) it won't happen again." On the count of simple assault, Appellant was sentenced to two (2) years reporting probation by phone. No further penalty was imposed on the count of conspiracy to commit simple assault.

On November 4, 2022, by and through her new counsel Zak Goldstein (hereafter "Attorney Goldstein"), Appellant filed a post-sentence motion to withdraw guilty plea. On January 13, 2023, a hearing was held on the motion. Appellant testified that she sought the withdrawal of her plea because she was, "innocent for starters" and that she had been assured by Attorney McCrea that her entire criminal record would be expunged following the termination of her probation.

During the hearing, the trial court asked several questions wherein Appellant again answered in the affirmative when asked if she agreed she was not forced to take the plea, was promised nothing beyond the contents in the offer, and if she was satisfied with her attorney. The trial court also inquired if Appellant had heard the facts asserted against her by the Commonwealth and admitted to them on October 25, 2022. Appellant claimed that she "admitted to self-defense." However, when asked again by the court if she heard the specific allegation that she punched the complaining witness and had indeed admitted to it, she responded, "I don't remember that." Finally, the court asked Appellant about the text messages in which Appellant had asked Attorney McCrea, "is misdemeanor conspiracy able to be expunged *as well* or just the assault?" When asked about the discrepancy between her stating on direct examination that Attorney McCrea had assured Appellant she would receive "complete expungement" yet in her text

messages she inquired if a certain part of her record could be expunged, Appellant responded, "I'm not sure why I put that." At the end of the hearing on the motion, the trial court rendered a finding that Appellant's testimony to be incredulous and that, "the text message speaks for itself, it clearly indicates to [the court] that Miss McCrea at no point in time ever said complete expungement." The court further placed on the record a determination that Appellant was in fact properly advised by Attorney McCrea regarding the ability to obtain a partial expungement of the charges brought against Appellant.

Trial Court Opinion, 3/1/23, at 2-4 (unnecessary capitalizations and record citations omitted) (emphasis in original) (unpaginated).

Based on the forgoing, we discern no basis to disagree with the trial court's finding that Appellant's trial evidence, including her testimony, was not credible insofar as she invites us to believe that her plea counsel provided her with incorrect legal advice regarding complete expungement and that she relied upon that incorrect advice to enter into the negotiated guilty plea. *See Commonwealth v. Moser*, 921 A.2d 526, 530 (Pa. Super. 2007) (recognizing that "[a]s the fact-finder [is] in the best position to assess the credibility of the witnesses' testimony," we "will not reverse a trial court's credibility determination absent the court's abuse of discretion as fact finder."). The trial court specifically found:

Appellant offered no credible evidence to support a finding that Attorney McCrea provided Appellant with erroneous legal advice. [D]espite Appellant's contention that the text messages vindicate her position that she was given incorrect legal advice regarding the expungement of her entire criminal record, the messages fail to support Appellant's position. In Appellant's message to Attorney McCrea, Appellant asked "is misdemeanor conspiracy able to be expunged as well or just the assault?" The trial court correctly analyzed the phraseology "as well" as demonstrative Appellant was quite clear that she was not assured that the

entirety of her record would be expunged, but only part of it. As important, the trial court's determination of Appellant's credibility cannot be isolated to the text messages. It must be done through a totality of the circumstances analysis. Through such a determination, it is evident that Appellant's contradicting testimony is a clear indication that her assertion of the facts was indeed unreliable. Therefore, there is no basis to conclude Appellant was subjected to manifest injustice.

Trial Court Opinion, 3/1/23, at 6-7 (unpaginated). Separately, her claim that her guilty plea was involuntary, unintelligent, or unknowing lacks merit, as it was belied by her written questionnaire and oral colloquy, as detailed above. Indeed, Appellant is bound by the statements she made at the time of her guilty plea. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pleaded guilty). Accordingly, we cannot conclude that the trial court abused its discretion in denying Appellant's post-sentence motion to withdraw the guilty plea. Appellant does not obtain relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023