J-S18029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW ALLEN REBAR | : | |
| | : | |
| Appellant | : | No. 1456 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 25, 2023
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000372-2022

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: September 3, 2024**

Matthew Allen Rebar appeals from the judgment of sentence imposed after he pleaded guilty to aggravated assault and related charges. Rebar asserts the court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea. We affirm.

The Commonwealth charged Rebar with nine offenses: two counts of aggravated assault and one count each of driving while operating privileges were suspended or revoked, careless driving, fleeing or attempting to elude a police officer, reckless driving, driving under the influence, possession of a small amount of marijuana, and use or possession of drug paraphernalia.[1] Information, filed 6/20/22, at 1-2. These charges came from an incident on

---

[1] **See** 18 Pa.C.S.A. § 2702(a)(2), (a)(3); 75 Pa.C.S.A. §§ 1543(a), 3714(a), 3733(a), 3736(a), 3802(d)(2); and 35 P.S. § 780-113(a)(31)(i), (a)(32), respectively.

February 26, 2022, wherein Pennsylvania State Trooper Michael Duddy was attempting to detain Rebar, who was in a stopped vehicle. During the interaction, Rebar "sped off in his vehicle while [Trooper Duddy] was attempting to detain him, causing [Trooper Duddy] to be drug by [Rebar's] vehicle" for approximately 30 feet. Police Criminal Complaint, 2/26/22, at 2, 5; Affidavit of Probable Cause, 2/26/22, at 1. Rebar committed "[n]umerous traffic violations" before he stopped his vehicle and surrendered. Affidavit of Probable Cause at 1. The police recovered marijuana and an open alcoholic beverage from the vehicle, and Rebar later admitted to smoking marijuana and drinking alcohol while driving. *Id.* at 1-2. His license was suspended at the time. *Id.* at 2.

Rebar failed to appear for the first day of his trial and was taken into custody on a bench warrant. Rebar thereafter entered a guilty plea to all counts except for the one count of aggravated assault, which the Commonwealth withdrew. At the plea hearing, the court conducted an oral colloquy, during which Rebar confirmed that he understood the charges, his right to a jury trial, the Commonwealth's burden of proof, and the maximum penalties upon conviction. N.T., Rule 150/Plea Hearing, 6/23/23, at 6-15. Rebar also confirmed that he was making the plea of his own volition and under no force or threat, and that he was not under the influence of any drugs or alcohol. *Id.* at 6, 10, 14-15. Rebar confirmed having reviewed with counsel the 10-page written plea colloquy he signed and said he had no questions for

counsel or the court. *Id.* at 15-16.[2] When the court asked for a factual basis for the pleas, Rebar asked the court to waive the reading of the factual basis and stipulated to the allegations on counts 2 through 9. *Id.* at 16. The court asked Rebar if he admitted to committing each offense, and Regar responded, "Yes." *Id.* at 16-17. The court accepted the plea, and according to the plea agreement, the Commonwealth moved to *nolle pros.* the first count of aggravated assault. *Id.* at 18.

The following month, on the day of his sentencing hearing, Rebar moved for a continuance, which the court granted. Four days before the new sentencing date, Rebar filed a motion to withdraw his guilty plea. He asserted two points: (1) that he had entered the plea "without complete understanding of the ramifications and consequences of taking this course of action in his case," and (2) that he was "maintaining his innocence in this matter at this time." Motion to Withdraw Plea, filed August 24, 2023, at ¶ 3(a)-(b).

A hearing was held on the motion. The Commonwealth asked Rebar whether his trial counsel had explained his rights when Rebar had signed the written colloquy. N.T., Motion to Withdraw, 9/22/23, at 8. Rebar responded, "No, [counsel] didn't sit with me. I just was going over [the colloquy] real quick just trying to get it done." *Id.* at 8. Rebar also stated he "didn't read everything." *Id.* at 9. The Commonwealth asked Rebar if he understood the oral colloquy by the court, and Rebar responded, "Kind of, yeah." *Id.*

---

[2] The written colloquy is included in the certified record.

Rebar also stated he had been on medication at the time he pled guilty. *Id.* The Commonwealth asked if Rebar had lied when he testified that he was not under the influence of any drugs, and Rebar replied, "Yeah, kind of, sort of." *Id.* at 10. Rebar said he "didn't think it was a big, like a problem with me being on medication, but now that I think back on it, I don't think things out properly sometimes with the medication they had me on." *Id.*

Rebar also testified that he was innocent of the charges. *Id.* at 6, 14. He stated, "I feel like I have a strong case. I don't feel like I'm guilty of [these charges]. I feel like I have a strong case at trial, and at the time, too, I just got too caught up in not thinking things through." *Id.* at 14. When asked for his defense to the charges, Rebar responded, "[B]ecause police protocols, cop protocols which should have kept [Trooper Duddy] safe and out of risk of being harmed." *Id.* at 15-16.

When asked why he had pled guilty, Rebar testified he had "felt pressure like [he] was going to be able to go home":

> Because I thought – when I signed the guilty plea, I thought I was going to go home to my kids. I thought that was the way to do it. I felt pressure like I was going to be able to go home, so I felt pressure to try to get home.

*Id.* at 6. On cross-examination, Rebar stated he was "not sure at the time" who had pressured him. *Id.* at 12. He surmised that the pressure came from "just [his] mind and the [c]ourt and what I thought was something for me to go home to." *Id.* When asked if the court had pressured him into entering a plea, Rebar responded, "Kind of, sort of because really I thought I had a good

- 4 -

plea to go home." *Id.* He confirmed that no one threatened him. *Id.* When asked whether his attorney pressured him, Rebar responded, "No, I don't think." *Id.* The Commonwealth asked Rebar, "If you were told that you're going home today, would you [still] want to withdraw your plea?" *Id.* at 13. Rebar answered, "No." *Id.*

The court denied the motion. It thereafter sentenced Rebar to an aggregate of two to five years' incarceration.

Rebar filed a post-sentence motion, challenging the denial of Rebar's motion to withdraw his guilty plea, which the court also denied. The court explained that it had found Rebar's assertions that he pleaded guilty because he felt pressured to do so and that he was innocent were "self-serving and directly contradict his testimony at the plea hearing." Opinion and Order of Court, 11/29/23, at 5.[3] The court highlighted that Rebar had testified at his plea hearing that he was entering the plea of his own free will, and that he had reviewed the written colloquy with his attorney. The court pointed out that he had offered contradictory testimony at the hearing on the motion to withdraw. *Id.* at 5-6.

The court also noted that Rebar admitted at the withdrawal hearing that he would not be seeking to withdraw his plea if he believed he would receive a sentence without incarceration. *Id.* at 6. The court further observed that Rebar had not pled guilty until after he failed to appear for trial and had only

_____

[3] The court relied on its opinion denying Rebar's post-sentence motion to satisfy Pa.R.A.P. 1925(a).

moved to withdraw his plea after he had continued his sentencing hearing and had been apprised of the sentencing guidelines. *Id.* The court concluded that while the Commonwealth had not established prejudice, Rebar's "entire basis for his request to withdraw his guilty plea was to avoid a sentence of incarceration and is not supported by a fair and just reason." *Id.*; *see also id.* (finding Rebar's "conduct amounts to gamesmanship in an attempt to 'test' his sentence").

Rebar appealed. He raises the following issue:

Whether the trial court erred as a matter of law in denying [Rebar]'s post-sentence motion seeking to have the trial court reconsider its denial of [Rebar]'s pre-sentence motion to withdraw his guilty plea prior to sentencing despite the well-settled precedent that such motions shall be liberally allowed unless the Commonwealth can show prejudice?

Rebar Br. at 7.

The "decision to grant or deny a motion to withdraw a guilty plea" rests within the discretion of the trial court, and we "will not disturb the court's decision on such motion unless the court abuses that discretion." *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa.Super. 2013); *see also* Pa.R.Crim.P. 591 ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty"). An abuse of discretion exists where "the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of the

partiality, prejudice, bias, or ill-will." ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (citation omitted). The discretion of the trial court "conforms to the law and is based on the facts of the record" and a "mere error in judgment" does not constitute an abuse of discretion. ***Gordy***, 73 A.3d at 624.

Rebar argues that pre-sentence withdrawal of guilty pleas "should be liberally allowed." Rebar's Br. at 12 (quoting ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973)). He contends that a motion to withdraw must be granted unless the Commonwealth would be prejudiced by the withdraw of a guilty plea. ***Id.*** (citing ***Commonwealth v. Unangst***, 71 A.3d 1017 (Pa.Super. 2013)). He further argues that "a defendant's participation in a guilty plea may not be used to negate his later assertion of innocence and, to the contrary, a defendant seeking to withdraw his plea need not prove his innocence." ***Id.*** (citing ***Commonwealth v. Islas***, 156 A.3d 1185, 1192 (Pa.Super. 2017)). Applying the foregoing tenets, he argues that because the Commonwealth failed to establish prejudice and withdrawal must be liberally allowed, his avowal of innocence is sufficient grounds to grant his motion, regardless of any contradictory testimony he gave when pleading guilty. ***Id.*** at 13.

Rebar misstates the law. While a trial court is to exercise its discretion liberally in favor of a presentencing withdrawal request, the defendant must demonstrate some fair and just reason for withdrawing the guilty plea. ***Norton***, 201 A.3d at 116 (citing ***Commonwealth v. Carrasquillo***, 115 A.3d

1284, 1291-92 (Pa. 2015)). When the motion is "based upon a claim of innocence, the 'innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.'" *Id.* at 120 (quoting *Carrasquillo*, 115 A.3d at 1292). A defendant cannot withdraw his plea by a mere bare assertion of innocence. *Id.*; *accord Commonwealth v. Jamison*, 284 A.3d 501, 505 (Pa.Super. 2022), *appeal denied*, 296 A.3d 1077 (Pa. 2023). In determining the plausibility of a claim of innocence, the trial court must assess "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence." *Islas*, 156 A.3d at 1190.

Here, Rebar offers no plausible, colorable claim of innocence. He does not deny the allegations against him, instead suggesting police protocols should have kept Trooper Duddy safe during the interaction. He fails to articulate how this defense negates the elements of aggravated assault. *See Jamison*, 284 A.3d at 505 (finding appellant's assertion of innocence was barred when appellant did not state a basis for his self-defense claim or point to any evidence or facts supporting the claim). Rebar also fails to offer a defense to any charge other than aggravated assault.

Furthermore, the court properly considered the timing of Rebar's motion to withdraw—which he made only after he received the sentencing guidelines—and his outright admission that he would abandon his withdrawal motion if he were guaranteed a non-custodial sentence. The court thus did not abuse its discretion in concluding that Rebar's withdrawal request "was to

avoid a sentence of incarceration and is not supported by a fair and just reason." Op. and Order of Ct. at 6; *see Commonwealth v. Baez*, 169 A.3d 35, 41 (Pa.Super. 2017) (stating a "desire to avoid a more lengthy prison term is not grounds for withdrawing [a] plea").

Nor did the court err in considering the testimony Rebar offered at the plea hearing. Aside from claiming innocence, Rebar asserted that at the withdrawal hearing, he had not fully understood the plea colloquy because his attorney had not reviewed the written colloquy with him, he had been under the influence of medication, and he had pleaded guilty because he had felt pressured to do so. These allegations attack the validity of his guilty plea, which may be withdrawn if it was not knowingly or voluntarily entered. *See Jamison*, 284 A.3d at 506; Pa.R.Crim.P. 590(A)(3) and comment. While a defendant's admission of guilt during a plea colloquy does not necessarily negate a subsequent, plausible claim of innocence, a defendant may not directly contradict statements he made at the plea hearing regarding the voluntariness and understanding of the plea. *Compare Islas*, 156 A.3d at 1192, *with Jamison*, 284 A.3d at 506. The trial court therefore properly assessed whether Rebar's plea had been knowing and voluntary based on the record of the plea proceeding. Given that record, the court did not abuse its discretion in determining that Rebar's plea was knowingly and voluntarily entered.

Rebar has failed to demonstrate an error of law or manifest unreasonableness in the trial court's decision to deny his motion to withdraw his guilty plea. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/3/2024