J-S01044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWANN MARTRIC SIMMONS | : | |
| | : | |
| Appellant | : | No. 470 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 2, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002833-2023

BEFORE:  BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: March 10, 2026**

Appellant, Dawann Martric Simmons, appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County on January 2, 2025. After a careful review, we affirm.

A summary of the relevant facts and procedural history are as follows: On August 20, 2023, near the intersection of West Main Road and Brickyard Road in North East, Pennsylvania, emergency personnel responded to a two-vehicle crash. Summary of Case for Defendant's Plea, Com. Ex. 1, 11/7/24, at 1. Emergency personnel included the Fuller Hose Company of the North East Volunteer Fire Department and Pennsylvania State Troopers, relevantly including Fire Police Officer Shawn Giles. *Id.* at 2. Officer Giles was responsible

_____

[*] Former Justice specially assigned to the Superior Court.

for traffic control in the eastbound lane while firefighters and state troopers performed their investigation of the crash. *Id*. Officer Giles was wearing fluorescent clothing and holding fluorescent flags while conducting these official duties. *Id*.

At this time, Appellant was traveling in a silver Lexus at a high rate of speed in the left eastbound lane on State Route 20. Notably, Appellant, the driver and sole occupant of the Lexus, was driving with his license suspended by PennDOT. *Id.* at 3. Maintaining a high rate of speed, Appellant traveled into the right lane, then abruptly swerved back into the left lane to avoid colliding with a vehicle stopped by Officer Giles. *Id.* at 2. During this maneuver, Appellant's Lexus struck Officer Giles, causing his death as a result of blunt force trauma. *Id.* at 3.

Through forensic calculation and investigation, Appellant's vehicle was determined to have been traveling approximately 78 miles per hour (mph) immediately prior to the crash and approximately 58 mph when his vehicle impacted the victim. The posted speed limit was 55 mph, and the required speed limit in an emergency response area is 20 mph less than the posted speed limit, thus resulting in a reduced speed limit of 35 mph. *Id*.

Appellant was charged on December 14, 2023 in a fifteen-count criminal information with Homicide by Vehicle and related offenses. After Appellant was appointed various attorneys who withdrew from representation, and filed

numerous *pro se* correspondences, he proceeded with counsel to a guilty plea hearing on November 7, 2024.

> At Mr. Simmons' plea, a colloquy was orally entered into the record which reflected a written factual summary of the case, which had been agreed to and signed by Mr. Simmons, his Defense Counsel, the Attorney for the Commonwealth, and the court and filed in advance of the plea (**see** "Summary of Case for Defendant's Plea" filed as Docket Entry of November 7, 2024).

> Mr. Simmons was advised of the possible maximum sentences for the charges to which he was pleading No Contest or Guilty, and was advised that his trial was scheduled for the following Tuesday. A written plea colloquy form was read to Mr. Simmons and he also signed this form at the time of the plea (**see** "Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea" filed as Docket Entry of November 7, 2024).

Tr. Ct. Op. 3-4 (unpaginated).

Appellant pleaded no contest to count one and pleaded guilty to the remaining counts listed below:

> Count 1, Homicide by Vehicle, 75 Pa.C.S. 3732(A), a Felony of the Third Degree;
> Count 2, Accidents Involving Death or Personal Injury While Not Properly Licensed, 75 Pa.C.S. 3742.1, a Felony of the Third Degree;
> Count 3, Driving While Operating Privilege is Suspended or Revoked, 75 Pa.C.S. 1543(a), a Summary Offense;
> Count 5, Reckless Driving, 75 Pa.C.S. 3736(A), a Summary Offense;
> Count 8, Recklessly Endangering Another Person, 18 Pa.C.S. 2705, a Misdemeanor of the Second Degree;
> Count 9, Recklessly Endangering Another Person, 18 Pa.C.S. 2705, a Misdemeanor of the Second Degree;
> Count 10, Recklessly Endangering Another Person, 18 Pa.C.S. 2705, a Misdemeanor of the Second Degree;
> Count 14, Duty of Driver in an Emergency Response Area, 75 Pa.C.S. 3327(A)(2), a Summary Offense; and,

> Count 15, Driving Vehicle at Safe Speed, 75 Pa.C.S. 3361, a Summary Offense.

Tr. Ct. Op. 1-2 (unpaginated); *see* N.T., 11/7/24, at 7. The remaining counts were nolle prossed with the consent of the district attorney and the court.

Appellant was sentenced on January 2, 2025, to an aggregate of 109 to 218 months' incarceration. *See* N.T., 11/7/24. Appellant's counsel withdrew and he was appointed new counsel. On January 10, 2025, Appellant filed through his counsel a motion to withdraw plea, vacate sentence, and reschedule case for trial. The court denied his motion by order entered January 27, 2025. Following the filing of a petition for post-conviction collateral relief, Appellant was granted leave to file an appeal *nunc pro tunc* from the order of January 27, 2025, which denied his post-sentence motion.

On April 17, 2025, Appellant timely filed a notice of appeal and thereafter filed a concise statement pursuant to Pa.R.A.P. 1925(b). This appeal follows.

> Appellant raises the following issue for our review:
>
> A. Whether the lower Court committed legal error and abused its discretion in failing to grant the Defendant's Motion for leave to withdraw his guilty plea?
>
> B. Whether the lower Court committed legal error and abused its discretion in failing to grant the Defendant's motion seeking reconsideration and/or modification of sentence predicated on the lower Court failing to elucidate on the record as mandated the basis for imposing sentence in the aggravated range as to count 1 (Homicide By Motor Vehicle) and count 2 (Accidents Involving Death or Injury While Not Licensed)?

C. Whether the lower Court committed legal error and abused its discretion in failing to reconsider or modify the sentencing structure as to counts 1 and 2 in that although said counts do not merge as a matter of law, both offenses are based on essentially the same conduct, the same state of mind and the same consequences?

D. The lower Court committed legal error and abused its discretion in failing to reconsider or modify the sentence imposed as to the reckless endangerment convictions at counts 8, 9 and 10, where the Court imposed sentences at the top of the standard ranges and further imposed the sentences consecutively to each other thereby amplifying the sentencing exposure by some three years [of] incarceration?

E. Whether the lower Court committed legal error and abused its discretion in failing to afford reconsideration or modification of the sentence as per the post-sentence motion based upon the averment that the extant sentence is manifestly excessive given that the Defendant's offenses were reckless as opposed to intentional and thereby the Court had ample basis to modify the sentencing structure to some form of concurrent sentences as to counts 1 and 2 and the series of reckless endangerment counts 8, 9 and 10?

Appellant's Br. at 3.

Appellant's first issue challenges the trial court's denial of his motion to withdraw his guilty plea. The principles governing post-sentence motions to withdraw guilty pleas are as follows:

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. **Commonwealth v. Unangst**, 71 A.3d 1017, 1019 (Pa. Super. 2013). When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011). "A defendant may withdraw his guilty

- 5 -

plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (internal citations omitted).

"Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. ***Id***. "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Id***.

To ensure a plea is voluntary, knowing, and intelligent, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct an inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the Comment to Rule 590 provides, the trial court should ask the following questions:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
> (2) Is there a factual basis for the plea?
> (3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?
(5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, cmt.

The colloquy must show, based on the totality of the circumstances, that the defendant understood what the plea connoted and its consequences. **Yeomans**, 24 A.3d at 1047 (Pa. Super. 2011).

Here, Appellant argues that manifest injustice occurred because there is "no evidence whatsoever demonstrating" that he had "any awareness of his maximum sentence exposure and the likely imposition of an aggregate sentence[.]" Appellant's Br. at 9. Appellant argues that his counsel focused her discussions with him on the standard range, espousing a false expectation of his sentence. **Id.** at 10. Appellant states, "[t]he fact that a maximum sentence [] in excess of 25 years was quietly referenced in the plea record is merely an amorphous number without import when weighed against what counsel was actively and steadfastly seeking to impart[.]" **Id**.

Our evaluation of the record reveals that Appellant understood what his plea connoted and its consequences. **Yeomans, supra**. The written guilty plea colloquy displaying Appellant's signature and his counsel's signature indicate the maximum prison sentence of twenty-five years and six months. Com. Ex. 2, ¶ 4. The record and the plea hearing transcript shows that

Appellant was advised on the record of, *inter alia*, each of his rights required under Rule 590: Appellant was advised of the nature of his charges. Com. Ex. 2, ¶ 1; Pa.R.Crim.P. 590, cmt. ¶ 1. The written factual basis for the plea was admitted as part of the record and signed by Appellant, and the legal and factual basis for the plea was read orally on the record. Summary of Case for Defendant's Plea, Com. Ex. 1, 11/7/24, at 3, N.T., 11/7/24, at 12-14; Pa.R.Crim.P. 590, cmt. ¶ 2. Appellant was told of his right to a jury trial, and in fact has a trial scheduled for the week following the guilty plea hearing should he have elected to go to trial. N.T., 11/7/24, at 3, Tr. Ct. Order, 9/10/24; Pa.R.Crim.P. 590, cmt. ¶ 3. Appellant was advised that he is presumed innocent until found guilty beyond a reasonable doubt. N.T., 11/7/24, at 3; Pa.R.Crim.P. 590, cmt. ¶ 4. The court orally advised Appellant of the maximum sentences he was facing. N.T., 11/7/24, at 8-9; Pa.R.Crim.P. 590, cmt. ¶ 5. Finally, Appellant was told:

> The Judge is not bound by the terms of the plea bargain unless the Judge chooses to accept it. . . . If the Commonwealth agrees to make a sentencing recommendation on your behalf, the Judge will not be bound by the recommendation, and you will understand that they will not be permitted to withdraw your guilty plea if this should occur.

N.T., 11/7/24, at 4-5; Pa.R.Crim.P. 590, cmt. ¶ 6.

Appellant indicated that he followed along with the statement of understanding of rights prior to his guilty plea. N.T., 11/7/24, at 7. Appellant stated that he made his decision to plead guilty "voluntarily without any pressure" and with full understanding of "all [his] rights." *Id*. He stated that

he understood the crimes with which he was charged, that he was entitled to a trial by jury, and that he was presumed innocent. *Id.* at 7-8. Most importantly for this appeal, the court read Appellant the maximum sentence for each crime and stated clearly that in the aggregate, he was facing a period of incarceration of up to twenty-five years and six months. *Id.* at 9. Appellant stated that he had no questions regarding the maximum sentences and that he understood that the judge was not bound by any particular sentence. *Id.* at 10. Appellant agreed to the facts supporting the plea as stated. *Id.* at 15.

Appellant's statement that there is no evidence whatsoever that he was aware of the maximum sentence is belied by the record. His statement that he was unaware of the likelihood of the imposition of the maximum sentence may be true, but it is of no matter. Defendants are not required to be advised of the likelihood that any particular sentence will be imposed. Based on the totality of the circumstances, there is more than ample evidence that Appellant entered his plea knowingly, voluntarily, and intelligently. The trial court's colloquy was sufficient and followed the procedure required by Rule 590, and Appellant indicated that he understood each of his rights. Accordingly, the trial court did not err in denying his motion to withdraw his guilty plea and no manifest injustice has occurred.

Appellant's remaining four issues challenge the discretionary aspects of his sentence. As we have observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right."

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*.

Here, Appellant filed a timely appeal. He presented a Pa.R.A.P. 2119(f) statement in his brief. *See* Appellant's Br. at 7-8. Appellant preserved issues C, D, and E in his post-sentence motion. Appellant, however, failed to raise appellate issue B in his post-sentence motion; on appeal he complains that the court failed to state on the record the basis for imposing a sentence in the aggravated range for counts one and two, but in his post-sentence motion, he admitted that the court stated its basis at the time of sentencing but argues that the basis is improper and asks the court to reconsider its decision to impose an aggravated range sentence for counts one and two. Appellant's motion states:

> The defendant requests the court to reconsider its decision to impose an aggravated range sentence on Count 1 (Homicide By Vehicle) and Count 2 (Accidents Involving Death or Injury While Not Licensed). . . . At the time of sentencing the court made reference to the speed that the defendant was driving at the time of the accident, the fact that the defendant's license was

suspended, and the that his conduct caused the death of Mr. Giles. Each of these factors are already addressed and/or encompassed in the elements of Count 1 and/or Count 2.

Post-Sentence Motion, 1/10/25, at ¶¶ 13, 15.

An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion; he may not raise it for the first time on appeal. **See Commonwealth v. Bradley**, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (finding claim waived where appellant did not raise it in a post-sentence motion). Accordingly, we find that Appellant is not entitled to review of issue B because he has not invoked our jurisdiction as to that issue by failing to preserve it in his post-sentence motion. We therefore will proceed to determine if Appellant raised a substantial question as to issues C, D, and E.

"A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Brown**, 249 A.3d 1206, 1211 (Pa. Super. 2021). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." **Commonwealth v. Crawford**, 257 A.3d 75, 78 (Pa. Super. 2021) (citation omitted). An appellate court will not lightly disturb the trial court's sentencing judgment as the judge is in the best position to "review the defendant's character, defiance or indifference, and the overall nature of the crime." **Commonwealth v. Conte**,

198 A.3d 1169, 1177 (Pa. Super. 2018) (internal citation and quotations omitted).

Appellant's issue C complains that he was sentenced consecutively for counts one and two when both offenses, based on essentially the same conduct and same state of mind, are "functionally equivalent." Appellant's Br. at 12. This challenge does not raise a substantial question. Sentencing courts are afforded discretion to impose concurrent or consecutive sentences. ***See Commonwealth v. Aulisio***, 253 A.3d 338, 343 (Pa. Super. 2021). It is well-settled that a bare challenge that the trial court erred in imposing consecutive sentences does not raise a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010). Although "[a] claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence[,]" ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012), Appellant does not make such a claim. Indeed, Appellant concedes that the sentences for "said counts do not merge as a matter of law," but baldly states that they should have nonetheless run concurrently. Appellant's Br. at 12. Therefore, this claim fails to state a substantial question.

Appellant's issue D complains that the court imposed consecutive sentences, each at the top of the standard range, for counts eight, nine, and ten. Appellant argues that the serial imposition of consecutive sentences without adequate rationale on the record require strict scrutiny, Appellant's Br. at 13, but he does not specify how the sentence is inconsistent with the

Sentencing Code or why he believes it is contrary to the fundamental norms of the sentencing process. **Brown, supra**. He states that the conduct underlying counts eight, nine, and ten, namely; three counts of reckless endangerment, involved three emergency personnel who were tangentially in the zone of danger caused by Appellant's vehicle, but that he posed no credible risk of injury or harm to them and none of those individuals sustained any injury or harm. Appellant's Br. at 13-14.

Appellant again fails to raise a substantial question. He had a prior record score of five and was sentenced within the standard range; twelve to twenty-four months on each count of reckless endangerment. N.T., 1/2/25, at 49, 56-57. The court stated on the record that these sentences are in regard to each individual who could have been hit by his vehicle. **Id.** at 56-57. Even if Appellant had raised a substantial question, we do not find that an aggregate sentence of thirty-six months' to six years' incarceration for these three counts is excessive given that his path of flight took one life and could have easily taken the lives of two law enforcement officers and another volunteer firefighter. **Id.** at 47.

Appellant's final issue argues that his sentence is manifestly excessive given that his offenses were reckless as opposed to intentional. Appellant argues that the sentencing court was influenced by the sense of public outrage and displayed bias and animus emanating from this highly public and notorious incident. Appellant's Br. at 14. Appellant argues that the court failed

to engage in a dispassionate exercise of individualized sentencing consistent with sentencing norms and the objectives of the sentencing code. **Id**. Appellant argues that there was no evidence that he acted purposefully and merely used poor judgment. **Id.** at 15. Additionally, Appellant questions the court's decision to mention in its Rule 1925(a) opinion that count six of the criminal information, homicide by vehicle while driving under the influence, 75 Pa.C.S.A. 3735(a)(1)(i), a Felony of the Second Degree, was among the charges nolle prossed, which "significantly reduced [Appellant's] incarceration exposure." **Id.** at 15; Tr. Ct. Op. at 2 (unpaginated). Appellant believes that the court used this charge to justify its sentence when it should have ignored this charge.

Insofar as Appellant claims that the trial court imposed an aggravated-range sentence based on incorrect or impermissible factors, Appellant raises a substantial question, warranting review. **See Commonwealth v. Stewart**, 867 A.2d 589, 592 (Pa. Super. 2005) ("Based on [a]ppellant's assertion that the sentencing court considered improper factors in placing the sentence in the aggravated range, we conclude that [a]ppellant presents a substantial question on appeal.").

Most importantly, there is no evidence in the notes of testimony or in the trial court's analysis in its Rule 1925(a) opinion that it considered a nolle prossed count in determining Appellant's sentence. There is no mention of this charge in the plea hearing transcript or in the sentencing transcript. The court

did note in the procedural history section of its Rule 1925(a) opinion that the DUI-related charge was dropped, but the court did not justify its sentence on that fact.

At the time of sentencing, the trial court had the benefit of a pre-sentence investigation. The court heard that Appellant had been pulled over by the Pennsylvania State Police just four days prior to the deadly crash for driving under a suspended license. N.T., 1/2/25, at 45. The court found particularly persuasive that immediately after the crash Appellant made statements concerning whether he would lose his job or whether his insurance costs would go up. The court found the statements "completely outrageous and actually offensive" because at no point did Appellant inquire about the welfare of Officer Giles. N.T., 1/2/25, at 54.

In its 1925(a) opinion, the court stated as follows:

> Prior to imposing sentence on Mr. Simmons, the court appropriately considered many factors which Pennsylvania requires, including the information contained in the Presentence Investigation Report, the Summary of Case For Defendant's Plea, the Defendant's Sentencing Memorandum, Commonwealth's Sentencing Memorandum, the many letters written by both friends and relatives of the victim, Mr. Giles, and Mr. Simmons, the defendant, as well as the in-court statements of the numerous witnesses who so touchingly described the impact this crime has had on the victim's family, his fellow firefighters, and the community. The court also considered the seriousness of the crime, Mr. Simmons' criminal history and more notably his extensive history of vehicle code violations which were not included in his Prior Record Score. These are all permissible factors that this court properly considered in fashioning the sentence in this case.

The victim in this case was a veteran volunteer firefighter who was, at the time of his killing, working to protect a crash scene and attempting to ensure its security from exactly the hazardous conditions that Mr. Simmons created by his reckless driving. Impact letters were written by his fellow firefighters, community members, and many others as well as a strong showing of support from other firefighters in the courtroom. These factors all taken into consideration not only justify but require an aggravated sentence.

Tr. Ct. Op. at 13-14 (unpaginated) (paragraph spacing altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" *Id.* (citation omitted). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim[s] and [the] community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). When appropriate, a trial court may consider criminal conduct not reflected in the prior record score or offense gravity score when fashioning a sentence. 204 Pa. Code § 303.5(d) ("The court may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted

in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court.")[1]

We find that the trial court did not abuse its discretion in fashioning Appellant's sentence despite his behavior being reckless rather than intentional. The court considered all required and permissible factors and provided adequate justification for its sentence.

Judgement of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/10/2026

---

[1] We acknowledge our Supreme Court's precedent in **Commonwealth v. Berry**, 323 A.3d 641, 652 (Pa. 2024), clarifying that prior arrests for unprosecuted crimes are not a permissible sentencing factor. We do not suggest otherwise here. We merely state that a sentencing court may consider other criminal *conduct* of defendant not reflected in the PRS or OGS where appropriate. Examples of criminal "conduct" that are not "arrests" that may be considered by a sentencing judge but may not be reflected in a prior record score could be summary offense convictions, parole/probation violations, and abuse/neglect findings in an orphan's court proceeding where applicable to the offense for which the sentence is being imposed. **See** 42 PA.C.S.A. § 9721(b). In this case, the court properly considered Appellant's substantial history of vehicle code violations, not merely arrests, which were not included in his PRS.